UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

D'WAYNE CARPENTER,                    )
                    PETITIONER,       )
                                      )
          v.                          )    Civil Action No. 04-CV-40043(WGY)
                                      )
DAVID L. WINN, ET AL                  )
                    RESPONDENT.       )
                                      )

---

## DECLARATION OF PATRICK W. WARD

I, Patrick Ward, hereby make the following declaration:

1.  I am employed by the United States Department of Justice, Federal Bureau of Prisons, at the Federal Medical Center in Devens, Massachusetts (FMC Devens), as an Attorney Advisor. The legal office, from which I am located, is the Consolidated Legal Center - Devens.  I have been employed at this position since approximately March 24, 2002.

2.  As an Attorney Advisor, I have access to numerous records maintained in the ordinary course of business at FMC Devens regarding federal prisoners, including, but not limited to, documentary records, Judgment and Commitment files, and computerized records maintained on the Bureau of Prisons computerized data base, SENTRY.

**Pre-Release Placement / Medical History**

3.  Upon review of the relevant records pertaining to Petitioner's Community Corrections Center (CCC) or Home Confinement (HC), it is evident that a brief historical explanation is required in this matter.  Petitioner is serving a seven (7) to twenty-one(21) year sentence for Armed Robbery from the Superior Court of the District of Columbia.  His Projected Release Date on this sentence, via Parole, is October 16, 2004.  His Pre-Release Preparation Date (or 10% date) is April 16, 2004.  See Attached **Document B**, Sentence Monitoring Computation Data.

4.  On November 20, 2003, an Institutional Referral for CCC Placement request was initiated by Petitioner's Unit Team at FMC Devens.  See Attached **Document Q**, November 2003 Institutional Referral for CCC Placement.  On December 2, 2003, Petitioner received a tentative CCC placement to Hope Village in Washington, D.C. for a date of April 20, 2004.



<u>See</u> Attached **Document R**, CCC (Hope Village) Tentative Acceptance Letter. At the time of this initial referral, as well as the time of this acceptance, Petitioner was not on dialysis. <u>See</u> Declaration of FMC Devens Medical Officer Dr. Alcia Williams.

5.    In December of 2003, Petitioner began receiving dialysis treatments at FMC Devens three (3) times a week. <u>See</u> Dr. Williams Declaration. This treatment has continued through present time. This change in medical condition and treatment, however, resulted in a change in the ability of the CCC's to handle Petitioner's case.

6.    Although Petitioner was previously provided a tentative date for CCC placement through the Community Corrections Management (CCM) field office in Baltimore, Maryland, due to his change in medical condition, on March 17, 2004, Unit Team staff at FMC Devens were notified by the CCM office that his tentative CCC placement date to Hope Village was changed to June 16, 2004. <u>See</u> Attached **Document S**, March 2004 Change in CCC Date. This change was administered by the BOP CCM's office based upon their discovery of Petitioner's change in medical condition from the initial approval. <u>See</u> Declaration of Regional Community Corrections Administrator (CCA) King Wessels.

7.    As of March 17, 2004, Petitioner was still tentatively scheduled for a CCC placement on or about June 16, 2004. However, between March and May, Petitioner was seen by a Cardiologist and subsequent testing resulted in a recommendation for a cardiac catheterization. <u>See</u> Dr. Williams Declaration. As a result, he was no longer medically cleared to a pre-release placement. On June 23, 2004, a cardiac catheterization was completed on Petitioner at the University of Massachusetts Medical Center. Subsequently, Petitioner was medically cleared to once again be considered for a pre-release placement. <u>Id.</u>

8.    Subsequently on or about June 30, 2004, Petitioner's Unit Team at FMC Devens once again completed an Institutional Referral for CCC Placement form. <u>See</u> Attached **Document V**, June 2004 Institutional Referral for CCC Placement. On this occasion, the recommendation to the Community Corrections Management (CCM) Office in Annapolis Junction, Maryland, suggests a placement to Home Confinement and seeks a date sometime on or after July 26, 2004. <u>Id.</u> This referral was received in the CCM's Office on or about July 12, 2004.

9.    Subsequent to the Unit Team's submission of the second CCC referral, Petitioner again developed further medical complications. <u>See</u> Dr. Williams Declaration. On July 8, 2004, it was determined that Petitioner had a clotted AV graft, which is necessary for the dialysis treatments. That day he was admitted to the University of Massachusetts Medical Center for treatment and was released back to FMC Devens on July 9, 2004. <u>Id.</u> However, on July 13, 2004, further issues arose with the clotting of the AV graft which resulted in Petitioner's admission to the University of Massachusetts for vascular surgery on the AV graft site on July 14, 2004. Petitioner returned to FMC Devens on July 15, 2004 following completion of his left AV graft revision surgery. <u>Id.</u>

2

10.   The CCM's office in Baltimore, which handles pre-release placements within the District of Columbia, initiated it's effort on or about July 12, 2004, to coordinate a Home Confinement placement or a CCC placement for Petitioner. See Regional CCA King-Wessels Declaration. Because of Petitioner's medical status, which includes on going dialysis treatment, the CCM's Office was unable to coordinate an acceptance of his case with any of the available CCC's in the District of Columbia area. Based upon the practice and policy of Home Confinement placements in the D.C. area, an inmate cannot be placed directly into a HC placement, as he must first be accepted by a CCC. Therefore, the BOP is unable to locate any pre-release placement option for Petitioner within the D.C area. Id.

## Administrative Remedies / Exhaustion

11.   I have access to the various databases and files concerning administrative remedy claims filed pursuant to the Administrative Remedy Program, which are maintained by the Bureau of Prisons in the ordinary course of business. In particular, I have access to SENTRY, which maintains a record of all of the administrative remedies filed by an inmate, the dates thereof, and the dispositions. These records reflect every administrative remedy claim filed by an inmate in the Bureau of Prisons, while housed in any federal institution of the Bureau of Prisons.

12.   The Bureau of Prisons has established an administrative remedy procedure whereby inmates can seek formal review of any complaint regarding any aspect of their imprisonment. Petitioner had available to him the four step procedures set forth in the BOP's Administrative Remedy Program. See 28 C.F.R. § 542. The BOP regulations provide "a process through which inmates may seek formal review of an issue which relates to any aspect of their confinement... if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. In accordance with the BOP's Administrative Remedy Program, an inmate shall first attempt informal resolution of his complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. See 28 C.F.R. § 54213(a). If the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the Warden, on a designated form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.14(a). If the inmate's formal request is denied, the inmate may submit an appeal to the appropriate Regional Director of the BOP, within twenty calendar days of the date of the Warden signed the response. 28 C.F.R. § 542.15(a). A negative decision from the Regional Director may in turn be appealed to the General Counsel's office (in the Central Office) within thirty calendar days of the date the Regional Director signed the response. Id. No administrative remedy appeal is considered to have been fully exhausted until considered by the Bureau of Prisons' Central Office. 28 C.F.R. §§ 542.14-542.15. This Program is available to inmates confined at the Federal Prison Camp in Devens and would include any issues surrounding CCC transfer determinations or declinations.

3

13.    On August 5, 2004, I ran a SENTRY search to determine if inmate Dwayne A. Carpenter, Reg. No. 05823-016, had filed any administrative remedy claims under the Administrative Remedy Program in regard to the allegations in his Petition. A review of his Administrative Remedy Record revealed that, while he has utilized the administrative remedy process to file an administrative remedy submission on the issue presented in this Petition with the Respondent, with the Northeast Regional Office of the BOP, and with the Central Office of the BOP, he has failed to exhaust the administrative remedy process by submitting this Petition prior to receiving a response from the Central Office of the BOP. A true and accurate copy of the Administrative Remedy Generalized Retrieval screen for Petitioner Dwayne A. Carpenter, Reg. No. 05823-016, is attached as **Document E**.

14.    A review of the SENTRY database indicates that Petitioner filed a Request for Administrative Remedy, Case Number 330468-F1, on or about April 6, 2004, a copy of which is attached hereto as **Document F**. The Request raised Petitioner's eligibility for his original 6 month placement to a Community Corrections Center (CCC). Petitioner's Request was denied by Respondent, Warden Winn, on or about May 18, 2004. Attached as **Document F**. Subsequently, on or about May 27, 2004, Petitioner filed a Regional Administrative Remedy Appeal, Case Number 330468-R1, to the Bureau of Prisons' Regional Director in Philadelphia, a copy of which is attached hereto as **Document G**. Petitioner's Appeal was denied by the Regional Director on or about June 24, 2004. Attached as **Document G**. In that Response, the Regional Director explained that due to the change in Petitioner's medical condition, the original CCC placement was rescinded and that medical concerns are a proper basis to postpone or rescind a CCC placement. Id. Petitioner subsequently filed a Central Office Administrative Remedy Appeal, Case Number 330468-R1, to the Bureau of Prisons' Central Office in Washington, D.C, on or about July 19, 2004, a copy of which is attached hereto as **Document H**. At the time of this declaration, the Central Office of the bureau of Prisons has not filed a Response to that Appeal. A Response is not due until on or about August 28, 2004. Therefore, Petitioner has not exhausted his administrative remedies.

15.    Attached hereto please find true and correct copies of the following documents:

A.    Public Information Data Sheet;
B.    Sentence Monitoring Computation Data;
C.    March 2001 Initial Classification Program Review;
D.    February 2002 Program Review;
E.    August 2002 Program Review;
F.    February 2003 Program Review;
G.    August 2003 Program Review;
H.    November 2003 Progress Report;
I.    November 2003 U.S. Parole Commission Presumptive Parole Date Granted;
J.    November 2003 Program Review;
K.    November 2003 Institutional Referral for CCC Placement;

4

L.    CCC (Hope Village) Tentative Acceptance Letter;

M.    March 2004 Change in CCC Date;

N.    February 2004 Program Review;

O.    March 2004 Inmate Request to Staff (Change of CCC Placement Date);

P.    June 2004 Institutional Referral for CCC Placement;

Q.    Administrative Remedy History;

R.    Request for Administrative Remedy, Case Number 330468-F1;

S.    Regional Administrative Remedy Appeal, Case Number 330468-R1, and Response;

T.    Central Office Administrative Remedy Appeal, Case Number 330468-A1 (Response Due August 28, 2004); and,

U.    PS 7310.04 Community Corrections Center (CCC) Utilization and Transfer Procedure.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 6th day of July, 2004

> /s/ Patrick W. Ward
> Patrick W. Ward
> Attorney Advisor
> Consolidated Legal Center - Devens

Exhibit 1
Attachment A

```
REGNO..: 05823-016 NAME: CARPENTER, DWAYNE A
COMP NO: 020       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000    FTS: N/A
                                            RACE/SEX...: BLACK / MALE
FBI NUMBER.: 480593AA7                      DOB/AGE....: 11-13-1961 / 42
PROJ REL MT: PAROLE FROM PAR COM OR CT      PAR ELIG DT: 09-13-2003
PROJ REL DT: 10-16-2004                     PAR HEAR DT: N/A
-------------------------- ADMIT/RELEASE HISTORY --------------------------
FCL   ASSIGNMENT DESCRIPTION              START DATE/TIME STOP  DATE/TIME
DEV   A-DES      DESIGNATED, AT ASSIGNED FACIL  07-09-2004 2301 CURRENT
DEV   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  07-08-2004 1643 07-09-2004 2301
DEV   A-DES      DESIGNATED, AT ASSIGNED FACIL  06-23-2004 1244 07-08-2004 1643
DEV   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  06-23-2004 0537 06-23-2004 1244
DEV   A-DES      DESIGNATED, AT ASSIGNED FACIL  05-24-2004 1516 06-23-2004 0537
DEV   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  05-24-2004 1257 05-24-2004 1516
DEV   A-DES      DESIGNATED, AT ASSIGNED FACIL  04-23-2004 1149 05-24-2004 1257
DEV   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  04-23-2004 0605 04-23-2004 1149

G0002        MORE PAGES TO FOLLOW . . .
```

```
REGNO..: 05823-016 NAME: CARPENTER, DWAYNE A
COMP NO: 020        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FTS: N/A
DEV    A-DES          DESIGNATED, AT ASSIGNED FACIL   04-08-2004 1522  04-23-2004 0605
DEV    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN     04-08-2004 1233  04-08-2004 1522
DEV    A-DES          DESIGNATED, AT ASSIGNED FACIL   03-26-2004 1735  04-08-2004 1233
DEV    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN     03-26-2004 1449  03-26-2004 1735
DEV    A-DES          DESIGNATED, AT ASSIGNED FACIL   03-03-2004 1243  03-26-2004 1449
DEV    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN     03-03-2004 1037  03-03-2004 1243
DEV    A-DES          DESIGNATED, AT ASSIGNED FACIL   02-19-2004 1633  03-03-2004 1037
DEV    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN     02-18-2004 0901  02-19-2004 1633
DEV    A-DES          DESIGNATED, AT ASSIGNED FACIL   12-31-2003 1239  02-18-2004 0901
DEV    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN     12-31-2003 0946  12-31-2003 1239
DEV    A-DES          DESIGNATED, AT ASSIGNED FACIL   12-23-2003 1432  12-31-2003 0946
DEV    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN     12-22-2003 1042  12-23-2003 1432
DEV    A-DES          DESIGNATED, AT ASSIGNED FACIL   12-19-2003 1511  12-22-2003 1042


G0002        MORE PAGES TO FOLLOW . . .
```

DEVEN
PAGE 003
PUBLIC INFORMATION
INMATE DATA
AS OF 07-12-2004
07-12-2004
14:07:53
Case 4:04-cv-40043-WGY   Document 9   Filed 08/17/2004   Page 9 of 95

REGNO..: 05823-016 NAME: CARPENTER, DWAYNE A
COMP NO: 020      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 978-796-1000     FTS: N/A
PRE-RELEASE PREPARATION DATE: 04-16-2004


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  10-16-2004 VIA PAROLE

---------------------CURRENT JUDGMENT/WARRANT NO: 020 ---------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F9455-96D
JUDGE.........................: KRAMER
DATE SENTENCED/PROBATION IMPOSED: 07-14-1998
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A
DATE COMMITTED.................: 02-06-2001

G0002      MORE PAGES TO FOLLOW . . .

Case 4:04-cv-40043-WGY   Document 9   Filed 08/17/2004   Page 10 of 95

PUBLIC INFORMATION
INMATE DATA
AS OF 07-12-2004

07-12-2004
14:07:53

REGNO..: 05823-016 NAME: CARPENTER, DWAYNE A
COMP NO: 020      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 978-796-1000   FTS: N/A
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  644
OFF/CHG: 22-2901,3202;ARMED ROBBERY

  SENTENCE PROCEDURE.............: DC OMNIBUS ADULT SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   21 YEARS


G0002      MORE PAGES TO FOLLOW . . .

Case 4:04-cv-40043-WGY   Document 9   Filed 08/17/2004   Page 11 of 95

PUBLIC INFORMATION
INMATE DATA
AS OF 07-12-2004

REGNO..: 05823-016 NAME: CARPENTER, DWAYNE A
COMP NO: 020      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 978-796-1000   FTS: N/A
  MINIMUM TERM...................:     7 YEARS
  DATE OF OFFENSE................: 10-28-1996

------------------------CURRENT COMPUTATION NO: 020 ------------------------

COMPUTATION 020 WAS LAST UPDATED ON 03-19-2004 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN.........: 07-14-1998
TOTAL TERM IN EFFECT...........:    21 YEARS
TOTAL TERM IN EFFECT CONVERTED..:    21 YEARS
EARLIEST DATE OF OFFENSE........: 10-28-1996

G0002       MORE PAGES TO FOLLOW . . .

Case 4:04-cv-40043-WGY    Document 9    Filed 08/17/2004    Page 12 of 95

REGNO..: 05823-016 NAME: CARPENTER, DWAYNE A
COMP NO: 020       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FTS: N/A

JAIL CREDIT.....................:     FROM DATE    THRU DATE
                                     10-28-1996   07-13-1998

TOTAL JAIL CREDIT TIME..........: 624
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: 09-13-2003
STATUTORY RELEASE DATE..........: 10-27-2017
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 10-27-2017


G0002      MORE PAGES TO FOLLOW . . .

DEVEN
PAGE 007

Case 4:04-cv-40043-WGY   PUBLIC INFORMATION   Filed 08/17/2004   Page 13 of 95   07-12-2004
                          Document 9                                              14:07:53
                                        INMATE DATA
                                    AS OF 07-12-2004

REGNO..: 05823-016 NAME: CARPENTER, DWAYNE A
COMP NO: 020        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000   FTS: N/A
PAROLE EFFECTIVE................: 10-16-2004
PAROLE EFF VERIFICATION DATE....: 03-15-2004
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PAROLE EFFECTIVE

PROJECTED SATISFACTION DATE.....: 10-16-2004
PROJECTED SATISFACTION METHOD...: PAROLE


G0002        MORE PAGES TO FOLLOW . . .

```
REGNO..: 05823-016 NAME: CARPENTER, DWAYNE A
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  03-14-1988 VIA MAND REL

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: 6049-79
JUDGE..........................: SMITH
DATE SENTENCED/PROBATION IMPOSED: 12-05-1980
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 01-14-1982
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO

G0002       MORE PAGES TO FOLLOW . . .
```

Case 4:04-cv-40043-WGY    Document 9    Filed 08/17/2004    Page 15 of 95

```
REGNO..: 05823-016 NAME: CARPENTER, DWAYNE A
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FTS: N/A
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

------------------------PRIOR OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  602
OFF/CHG: CPWOL, ADW, ASSAULT
         22 DCC 3204, 3201, 501

  SENTENCE PROCEDURE.............: DC CODE ADULT
  SENTENCE IMPOSED/TIME TO SERVE.:   13 YEARS
  MINIMUM TERM...................:    4 YEARS        4 MONTHS


 G0002        MORE PAGES TO FOLLOW . . .
```

REGNO..: 05823-016 NAME: CARPENTER, DWAYNE A
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000    FTS: N/A


-------------------------PRIOR COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 03-28-1988 AT CBR AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 12-05-1980

G0002       MORE PAGES TO FOLLOW . . .

```
REGNO..: 05823-016 NAME: CARPENTER, DWAYNE A
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000    FTS: N/A
TOTAL TERM IN EFFECT............:    13 YEARS
TOTAL TERM IN EFFECT CONVERTED..:    13 YEARS


JAIL CREDIT....................:    FROM DATE      THRU DATE
                                    10-27-1979     05-19-1980
                                    07-29-1980     12-04-1980


TOTAL JAIL CREDIT TIME..........: 335
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 1560
PAROLE ELIGIBILITY..............: 05-04-1984
STATUTORY RELEASE DATE..........: 09-26-1988
TWO THIRDS DATE.................: N/A

G0002        MORE PAGES TO FOLLOW . . .
```

DEVEN
PAGE 012 OF 012
Case 4:04-cv-40043-WGY   Document 9   Filed 08/17/2004   Page 18 of 95
PUBLIC INFORMATION
INMATE DATA
AS OF 03-14-1988
07-12-2004
14:07:53

```
REGNO..: 05823-016 NAME: CARPENTER, DWAYNE A
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000    FTS: N/A
180 DAY DATE....................: 07-07-1992
EXPIRATION FULL TERM DATE.......: 01-03-1993

NEXT PAROLE HEARING DATE........: 12-00-1987
TYPE OF HEARING.................: INITIAL

ACTUAL SATISFACTION DATE........: 03-14-1988
ACTUAL SATISFACTION METHOD......: MAND REL
ACTUAL SATISFACTION FACILITY....: CBR
ACTUAL SATISFACTION KEYED BY....: DMM

DAYS REMAINING..................: 1756
FINAL PUBLIC LAW DAYS...........: 0


G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

Exhibit 1
Attachment B

```
DEVEN  540*23 *          SENTENCE MONITORING        *    07-12-2004
PAGE 001           *         COMPUTATION DATA       *    14:11:25
                            AS OF 07-12-2004

REGNO..: 05823-016 NAME: CARPENTER, DWAYNE A


FBI NO...........: 480593AA7        DATE OF BIRTH: 11-13-1961
ARS1.............: DEV/A-DES
UNIT.............: J CC             QUARTERS.....: J04-406L
DETAINERS........: NO               NOTIFICATIONS: NO


PRE-RELEASE PREPARATION DATE: 04-16-2004


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  10-16-2004 VIA PAROLE

--------------------CURRENT JUDGMENT/WARRANT NO: 020 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F9455-96D
JUDGE...........................: KRAMER
DATE SENTENCED/PROBATION IMPOSED: 07-14-1998
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 02-06-2001
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...: PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  644
OFF/CHG: 22-2901,3202;ARMED ROBBERY

  SENTENCE PROCEDURE.............: DC OMNIBUS ADULT SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:    21 YEARS
  MINIMUM TERM...................:     7 YEARS
  DATE OF OFFENSE................: 10-28-1996




G0002     MORE PAGES TO FOLLOW . . .
```

```
   DEVEN  540*23 *          SENTENCE MONITORING        *     07-12-2004
PAGE 002        *             COMPUTATION DATA          *     14:11:25
                               AS OF 07-12-2004

REGNO..: 05823-016 NAME: CARPENTER, DWAYNE A


-----------------------CURRENT COMPUTATION NO: 020 -----------------------

COMPUTATION 020 WAS LAST UPDATED ON 03-19-2004 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN..........: 07-14-1998
TOTAL TERM IN EFFECT............:    21 YEARS
TOTAL TERM IN EFFECT CONVERTED..:    21 YEARS
EARLIEST DATE OF OFFENSE........: 10-28-1996


JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    10-28-1996    07-13-1998

TOTAL JAIL CREDIT TIME..........: 624
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: 09-13-2003
STATUTORY RELEASE DATE..........: 10-27-2017
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 10-27-2017

PAROLE EFFECTIVE................: 10-16-2004
PAROLE EFF VERIFICATION DATE....: 03-15-2004
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PAROLE EFFECTIVE

PROJECTED SATISFACTION DATE.....: 10-16-2004
PROJECTED SATISFACTION METHOD...: PAROLE

REMARKS.......: 10% DATE 04-16-2004
               COMP CERTIFIED BY DC RECORDS CENTER ON 3/22/2004




G0002      MORE PAGES TO FOLLOW . . .
```

```
  DEVEN  540*23 *          SENTENCE MONITORING          *     07-12-2004
  PAGE 003        *          COMPUTATION DATA            *     14:11:25
                            AS OF 03-14-1988
```

REGNO..: 05823-016 NAME: CARPENTER, DWAYNE A


```
FBI NO...........:                    DATE OF BIRTH: 11-13-1961
ARS1.............: DEV/A-DES
UNIT.............: J CC                QUARTERS.....: 304-406L
DETAINERS........: NO                  NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 03-14-1988 VIA MAND REL

----------------------PRIOR JUDGMENT/WARRANT NO: 010 ----------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: 6049-79
JUDGE...........................: SMITH
DATE SENTENCED/PROBATION IMPOSED: 12-05-1980
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 01-14-1982
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...: PROPERTY: NO  SERVICES: NO     AMOUNT: $00.00

----------------------PRIOR OBLIGATION NO: 010 -------------------------
OFFENSE CODE....: 602
OFF/CNG: CPWOL, ADW, ASSAULT
        22 DCC 3204, 3201, 501

```
 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:   13 YEARS
 MINIMUM TERM...................:     4 YEARS    4 MONTHS
```

```
 REMARKS........: F6049-79D--CPWOL--40 MOS/10 YRS
                  F6049-79E--ADW----1 YEAR CONSECUTIVE
                  F6049-79J--ASSAULT--1 YR CONSECUTIVE
                  F6049-79K--CPWOL--1 YEAR CONSECUTIVE
```

G0002     MORE PAGES TO FOLLOW . . .

DEVEN  540*23 *          SENTENCE MONITORING          *    07-12-2004
PAGE 004 OF 004 *        COMPUTATION DATA             *    14:11:25
                         AS OF 03-14-1988

REGNO..: 05823-016 NAME: CARPENTER, DWAYNE A


------------------------PRIOR COMPUTATION NO: 010 --------------------------


COMPUTATION 010 WAS LAST UPDATED ON 03-28-1988 AT CBR AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 12-05-1980
TOTAL TERM IN EFFECT............:   13 YEARS
TOTAL TERM IN EFFECT CONVERTED..:   13 YEARS

JAIL CREDIT.....................:   FROM DATE    THRU DATE
                                    10-27-1979   05-19-1980
                                    07-29-1980   12-04-1980

TOTAL JAIL CREDIT TIME..........: 335
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 1560
PAROLE ELIGIBILITY..............: 05-04-1984
STATUTORY RELEASE DATE..........: 09-26-1988
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 07-07-1992
EXPIRATION FULL TERM DATE.......: 01-03-1993

NEXT PAROLE HEARING DATE........: 12-00-1987
TYPE OF HEARING.................: INITIAL

ACTUAL SATISFACTION DATE........: 03-14-1988
ACTUAL SATISFACTION METHOD......: MAND REL
ACTUAL SATISFACTION FACILITY....: CBR
ACTUAL SATISFACTION KEYED BY....: DHM

DAYS REMAINING..................: 1756
FINAL PUBLIC LAW DAYS...........: 0

G0000     TRANSACTION SUCCESSFULLY COMPLETED

Exhibit 1
Attachment C

```
ALMBS                       PROGRAM REVIEW REPORT                    02-26-2001
PAGE 001                                                            16:00:42
```

INSTITUTION: ALM  ALLENWOOD MED FCI

NAME.......: CARPENTER, DWAYNE A
RESIDENCE..: WASHINGTON, DC 20032                    REG. NO: 05823-016

TYPE OF REVIEW......: (INITIAL CLASSIFICATION) PROGRAM REVIEW
NEXT REVIEW DATE....: _____ 9-7-01

PROJ. RELEASE DATE..: 10-28-2017
PAROLE HEARING DATE.: NONE                     RELEASE METHOD.: EXP FT
                                               HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: 9-1-01          DETAINERS (Y/N): (N)

CIM STATUS (Y/N)....: (Y)
                                   IF YES, RECONCILED (Y/N): Pending
PENDING CHARGES.....: None

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N)....: (Y)
   IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/(PAST VIOLENCE)

CATEGORY    - - - - -    CURRENT ASSIGNMENT - - - - - - -  EFF DATE   TIME

| CMA | PROG RPT | NEXT PROGRESS REPORT DUE DATE | 02-06-2004 | 1438 |
| CMA | RPP NEEDS | RELEASE PREP PGM NEEDS | 02-26-2001 | 1303 |
| CMA | V94 COA913 | V94 CURR OTHER ON/AFTER 91394 | 02-26-2001 | 1259 |
| CMA | V94 PV | V94 PAST VIOLENCE | 02-26-2001 | 1258 |
| CUS | IN | IN CUSTODY | 01-18-2001 | 0805 |
| DRG | DRG I NONE | NO DRUG INTERVIEW REQUIRED | 02-26-2001 | 1549 |
| EDI | ESL HAS | ENGLISH PROFICIENT | 02-13-2001 | 1713 |
| EDI | GED UNK | GED STATUS UNKNOWN | 02-06-2001 | 1826 |
| FRP | NO OBLG | FINANC RESP-NO OBLIGATION | 02-26-2001 | 1306 |
| LEV | MEDIUM | SECURITY CLASSIFICATION MEDIUM | 05-03-2000 | 1533 |
| MDS | REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 02-21-2001 | 1554 |
| MDS | YES F/S | CLEARED FOR FOOD SERVICE | 02-21-2001 | 1554 |
| QTR | B02-904U | HOUSE B/RANGE 02/BED 904U | 02-12-2001 | 1209 |
| RLG | MOORISH | MOORISH SCIENCE TEMPLE | 02-19-2001 | 0831 |
| WRK | AO COMPLT | COMPLETED A&O | 02-22-2001 | 0546 |

WORK PERFORMANCE RATING: this is an Initial Review.

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: He has clear conduct while incarcerated.

FRP PLAN/PROGRESS: He has no court ordered obligations.

RELEASE PREPARATION PARTICIPATION: He will be encouraged to take the RPP 18-24 mos. prior to his P.R.D.

```
ALMBS              *      PROGRAM REVIEW REPORT         *      02-26-2001
PAGE 002                                                       16:00:42
```

CCC RECOMMENDATION: *He will be considered for CCC placement 13 mos. prior to his P.R.D.*

PROGRESS MADE SINCE LAST REVIEW: *N/A*

GOALS FOR NEXT PROGRAM REVIEW MEETING: *Establish a record of 4's and 5's on work evals by 5-01 and maintain through 9-01. Provide proof of high school diploma or enroll in GED program by 4-01. Occupy leisure time productively through recreation activities.*

LONG TERM GOALS: *Maintain clear conduct now til release (10-17). Complete GED program by 4-03. Maintain high level of cell sanitation while incarcerated.*

OTHER INMATE REQUESTS/TEAM ACTIONS: *Carpenter understands and agrees to the above recommendations. Failure to comply may result in 0 responsibility points on his Cust. Class. Form.*

```
  ALMBS           *         PROGRAM REVIEW REPORT              *    02-26-2001
PAGE 003 OF 003                                                     16:00:42
```

SIGNATURES:

UNIT MANAGER: _____     INMATE: _D'Wayne Carpenter_

DATE: ____3-1-01____                  DATE: _3/1/01_

R. Wenner

Exhibit 1
Attachment D

```
ALMBS              *        PROGRAM REVIEW REPORT           *      02-15-2002
PAGE 001                                                          14:02:14

INSTITUTION: ALM  ALLENWOOD MED FCI

NAME.......: CARPENTER, DWAYNE A
RESIDENCE..: WASHINGTON, DC 20032                    REG. NO: 05823-016

TYPE OF REVIEW......: INITIAL CLASSIFICATION (PROGRAM REVIEW)
NEXT REVIEW DATE....:      8-21-02

PROJ. RELEASE DATE..: 10-27-2011
PAROLE HEARING DATE.: 04-00-2003          RELEASE METHOD.: EXP FT
                                          HEARING TYPE...: INITIAL
DATE OF NEXT CUSTODY REVIEW:  8-17-02     DETAINERS (Y/N): (N)

CIM STATUS (Y/N)....: (Y)        IF YES, RECONCILED (Y)/N): Reviewed

PENDING CHARGES.....: None
```

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N)....:
IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/(PAST VIOLENCE)

| CATEGORY | - - - - | - - - CURRENT ASSIGNMENT - - - - - - - | EFF DATE | TIME |
|---|---|---|---|---|
| CMA | PROG RPT | NEXT PROGRESS REPORT DUE DATE | 02-06-2004 | 1438 |
| CMA | RPP NEEDS | RELEASE PREP PGM NEEDS | 02-26-2001 | 1303 |
| CMA | V94 COB913 | V94 CURR OTHER BEFORE 91394 | 03-04-2001 | 0655 |
| CMA | V94 PV | V94 PAST VIOLENCE | 02-26-2001 | 1258 |
| CUS | IN | IN CUSTODY | 01-18-2001 | 0805 |
| DRG | DRG E COMP | DRUG EDUCATION COMPLETED | 04-05-2001 | 1430 |
| DRG | DRG I NONE | NO DRUG INTERVIEW REQUIRED | 02-26-2001 | 1549 |
| DRG | NR COMP | NRES DRUG TMT/COMPLETE | 09-26-2001 | 0912 |
| EDI | ESL HAS | ENGLISH PROFICIENT | 02-13-2001 | 1713 |
| EDI | GED HAS | COMPLETED GED OR HS DIPLOMA | 07-01-2001 | 1600 |
| FRP | NO OBLG | FINANC RESP-NO OBLIGATION | 02-26-2001 | 1306 |
| LEV | MEDIUM | SECURITY CLASSIFICATION MEDIUM | 05-03-2000 | 1533 |
| MDS | REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 02-21-2001 | 1554 |
| MDS | YES F/S | CLEARED FOR FOOD SERVICE | 02-21-2001 | 1554 |
| QTR | B04-218L | HOUSE B/RANGE 04/BED 218L | 01-25-2002 | 1003 |
| RLG | MOORISH | MOORISH SCIENCE TEMPLE | 02-19-2001 | 0831 |
| WRK | FS COOK AM | 8 VARIOUS FS POSITIONS | 02-09-2002 | 0001 |

WORK PERFORMANCE RATING: *Excellent work evals in F/S.*

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: *Clear conduct while incarcerated.*

FRP PLAN/PROGRESS: *No fed. fin. obligations.*

RELEASE PREPARATION PARTICIPATION: *Should enroll 18-24 mos. prior to release.*

```
ALMBS              *        PROGRAM REVIEW REPORT        *      02-15-2002
PAGE 002                                                        14:02:14
```

CCC RECOMMENDATION: *Consider 11-13 mos. prior to release.*

PROGRESS MADE SINCE LAST REVIEW: *Clear conduct, good work evals, completed one ACE.*

GOALS FOR NEXT PROGRAM REVIEW MEETING: *Maintain excellent work evals through 8-02. Enroll in one PSE by 3-02 and complete by 8-02. Enroll in Carpentry V.T. by 4-02.*

LONG TERM GOALS: *Maintain clear conduct now till release (10-17). Save 25% of all earnings. Complete carpentry V.T. while at ALM.*

OTHER INMATE REQUESTS/TEAM ACTIONS: *Carpenter agrees to the above recommendations.*

```
   ALMBS              *        PROGRAM REVIEW REPORT           *        02-15-2002
PAGE 003 OF 003                                                       14:02:14
```

SIGNATURES:

UNIT MANAGER: _____        INMATE: _K D Wayne Carpenter_

    DATE: _2-21-02_            DATE: _2-21-02_

                _R. Wenner_

Exhibit 1
Attachment E

```
ALMD5              *        PROGRAM REVIEW REPORT            *       08-10-2002
PAGE 001                                                            18:23:37

INSTITUTION: ALM  ALLENWOOD MED FCI

NAME.......: CARPENTER, DWAYNE A                    REG. NO: 05823-016
RESIDENCE..: WASHINGTON, DC 20032

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....:          2-15-03

PROJ. RELEASE DATE..: 10-27-2017            RELEASE METHOD.: EXP FT
PAROLE HEARING DATE.: 04-00-2003            HEARING TYPE...: INITIAL

DATE OF NEXT CUSTODY REVIEW:  8-10-03       DETAINERS (Y/N): N

CIM STATUS (Y/N).....: Y         IF YES, RECONCILED (Y/N): Reviewed

PENDING CHARGES.....: None

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  Y/N.....:
     IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

CATEGORY    - - - - - -    CURRENT ASSIGNMENT - - - - - - -    EFF DATE    TIME
CMA         PROG RPT       NEXT PROGRESS REPORT DUE DATE       02-06-2004  1438
CMA         RPP NEEDS      RELEASE PREP PGM NEEDS              02-26-2001  1303
CMA         V94 COB913     V94 CURR OTHER BEFORE 91394         03-04-2001  0655
CMA         V94 PV         V94 PAST VIOLENCE                   02-26-2001  1258
CUS         IN             IN CUSTODY                          01-18-2001  0805
DRG         DRG E COMP     DRUG EDUCATION COMPLETED            04-05-2001  1430
DRG         DRG I NONE     NO DRUG INTERVIEW REQUIRED          02-26-2001  1549
DRG         NR COMP        NRES DRUG TMT/COMPLETE              07-30-2002  1054
EDI         ESL HAS        ENGLISH PROFICIENT                  02-13-2001  1713
EDI         GED HAS        COMPLETED GED OR HS DIPLOMA         07-01-2001  1600
FRP         NO OBLG        FINANC RESP-NO OBLIGATION           02-26-2001  1306
LEV         MEDIUM         SECURITY CLASSIFICATION MEDIUM      05-03-2000  1533
MDS         REG DUTY       NO MEDICAL RESTR--REGULAR DUTY      02-21-2001  1554
MDS         YES F/S        CLEARED FOR FOOD SERVICE            02-20-2002  1515
QTR         B04-218L       HOUSE B/RANGE 04/BED 218L           01-25-2002  1003
RLG         MOORISH        MOORISH SCIENCE TEMPLE              02-19-2001  0831
WRK         FS COOK AM     8 VARIOUS FS POSITIONS              04-23-2002  0001
```

WORK PERFORMANCE RATING:  Outstanding work evals in F/S.

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW:  Clear conduct while incarcerated.

FRP PLAN/PROGRESS:  No federal obligation.

RELEASE PREPARATION PARTICIPATION:  Should enroll 18-24 mos. prior to release.

```
ALMD5            *        PROGRAM REVIEW REPORT        *        08-10-2002
PAGE 002                                                        18:23:37
```

CCC RECOMMENDATION: *Review 11-13 mos. prior to release.*

PROGRESS MADE SINCE LAST REVIEW: *Good work evals, clear conduct, enrolled in one PSE.*

GOALS FOR NEXT PROGRAM REVIEW MEETING: *Maintain 5's on work evals through 2-03. Complete current PSE by 2-03. Occupy leisure time by studying for PSE exams.*

LONG TERM GOALS: *Maintain clear conduct till release. Save 25% of all earnings. Enroll in Carpentry V.T.*

OTHER INMATE REQUESTS/TEAM ACTIONS: *Carpenter agrees to the above recommendations.*

```
    ALMD5                    *          PROGRAM REVIEW REPORT              *         08-10-2002
PAGE 003 OF 003                                                                     18:23:37

SIGNATURES:


UNIT MANAGER: _____        INMATE: _____

        DATE: _____            DATE: _____
```

Exhibit 1
Attachment F

```
ALMD5              *        PROGRAM REVIEW REPORT          *      01-31-2003
PAGE 001                                                         19:15:20
```

INSTITUTION: ALM  ALLENWOOD MED FCI

NAME.......: CARPENTER, DWAYNE A              REG. NO: 05823-016
RESIDENCE..: WASHINGTON, DC 20032

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....: _3-5-03_____

PROJ. RELEASE DATE..: 10-07-2017          RELEASE METHOD.: MAND PAR
PAROLE HEARING DATE.: 04-00-2003          HEARING TYPE...: INITIAL

DATE OF NEXT CUSTODY REVIEW: _9-7-03___   DETAINERS (Y/N): N

CIM STATUS (Y/N)....: Y      IF YES, RECONCILED (Y/N): _Reviewed_

PENDING CHARGES.....: _None_____

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  Y/N...:
   IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

```
CATEGORY    - - - - - -  CURRENT ASSIGNMENT - - - - - -   EFF DATE    TIME
CMA      PROG RPT     NEXT PROGRESS REPORT DUE DATE     02-06-2004   1438
CMA      RPP NEEDS    RELEASE PREP PGM NEEDS            02-26-2001   1303
CMA      V94 COB913   V94 CURR OTHER BEFORE 91394       03-04-2001   0655
CMA      V94 PV       V94 PAST VIOLENCE                 02-26-2001   1258
CUS      IN           IN CUSTODY                        01-18-2001   0805
DRG      DRG E COMP   DRUG EDUCATION COMPLETED          04-05-2001   1430
DRG      DRG I NONE   NO DRUG INTERVIEW REQUIRED        02-26-2001   1549
DRG      NR COMP      NRES DRUG TMT/COMPLETE            07-30-2002   1054
EDI      ESL HAS      ENGLISH PROFICIENT                02-13-2001   1713
EDI      GED HAS      COMPLETED GED OR HS DIPLOMA       07-01-2001   1600
FRP      NO OBLG      FINANC RESP-NO OBLIGATION         02-26-2001   1306
LEV      MEDIUM       SECURITY CLASSIFICATION MEDIUM    05-03-2000   1533
MDS      REG DUTY     NO MEDICAL RESTR--REGULAR DUTY    02-21-2001   1554
MDS      YES F/S      CLEARED FOR FOOD SERVICE          02-20-2002   1515
QTR      B02-121L     HOUSE B/RANGE 02/BED 121L         12-30-2002   1701
RLG      MOORISH      MOORISH SCIENCE TEMPLE            02-19-2001   0831
WRK      FINISHING    UNICOR FINISHING SHOP             12-15-2002   0001
```

WORK PERFORMANCE RATING: _Excellent in F/S, Now in Unicor._

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: _None._

FRP PLAN/PROGRESS: _No Oblg._

RELEASE PREPARATION PARTICIPATION: _Enroll closer to release._

ALMD5                              PROGRAM REVIEW REPORT                    01-31-2003
PAGE 002                                                                    19:15:20

CCC RECOMMENDATION: *Review closer to release.*

PROGRESS MADE SINCE LAST REVIEW: *Clear Conduct, good work evals, enrolled in Carpentry V.T.*

GOALS FOR NEXT PROGRAM REVIEW MEETING: *Maintain excellent work evals in Unicor now thru 8-03. Show satisfactory progress toward Computer V.T. by 8-03. Occupy leisure time productively thru reading.*

LONG TERM GOALS: *Maintain clear conduct till release. Save 25% of all earnings. Obtain any and all education opportunities while incarcerated.*

OTHER INMATE REQUESTS/TEAM ACTIONS: *Carpenter agrees with these goals.*

```
ALMD5                         PROGRAM REVIEW REPORT                    01-31-2003
PAGE 003 OF 003                                                        19:15:20
```

SIGNATURES:

UNIT MANAGER: _____     INMATE: _DWayne Carpenter_

        DATE: _2-5-03_                   DATE: _2-5-03_

                R. Wenner

Exhibit 1
Attachment G

INSTITUTION: DEV  DEVENS FMC

NAME.......: CARPENTER, DWAYNE A              REG. NO: 05823-016
RESIDENCE..: WASHINGTON, DC 20020

TYPE OF REVIEW......: ~~INITIAL CLASSIFICATION~~/PROGRAM REVIEW
NEXT REVIEW DATE....: November 2003

PROJ. RELEASE DATE..: 10-16-2004        RELEASE METHOD.: PRESUM PAR
PAROLE HEARING DATE.: NONE              HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: June 2004      DETAINERS (Y/N): (N)

CIM STATUS (Y/N)....: (Y)        IF YES, RECONCILED (Y/N): Maintained

PENDING CHARGES.....: None known at this time

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N)....: Yes
    IF YES - CIRCLE ONE - DRUG TRAFFICKING CURRENT VIOLENCE PAST VIOLENCE

| CATEGORY | CURRENT ASSIGNMENT | | EFF DATE | TIME |
|---|---|---|---|---|
| CMA | PROG RPT | NEXT PROGRESS REPORT DUE DATE | 02-06-2004 | 1438 |
| CMA | RPP PART | RELEASE PREP PGM PARTICIPATES | 06-27-2003 | 0624 |
| CMA | V94 COB913 | V94 CURR ~~OTHER BEFORE~~ 91394 | 03-04-2001 | 0655 |
| CMA | V94 PV | V94 PAST VIOLENCE | 02-26-2001 | 1258 |
| CUS | IN | IN CUSTODY | 01-18-2001 | 0805 |
| DRG | DRG E COMP | DRUG EDUCATION COMPLETED | 04-05-2001 | 1430 |
| DRG | DRG I NONE | NO DRUG INTERVIEW REQUIRED | 02-26-2001 | 1549 |
| DRG | NR COMP | NRES DRUG TMT/COMPLETE | 07-30-2002 | 1054 |
| EDI | ESL HAS | ENGLISH PROFICIENT | 02-13-2001 | 1713 |
| EDI | GED HAS | COMPLETED GED OR HS DIPLOMA | 07-01-2001 | 1600 |
| FRP | NO OBLG | FINANC RESP-NO OBLIGATION | 02-26-2001 | 1306 |
| LEV | MEDIUM | SECURITY CLASSIFICATION MEDIUM | 05-03-2000 | 1533 |
| MDS | REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 08-20-2003 | 1047 |
| MDS | YES F/S | CLEARED FOR FOOD SERVICE | 08-20-2003 | 1048 |
| QTR | J04-432L | HOUSE J/RANGE 04/BED 432L | 08-15-2003 | 1049 |
| RLG | MOORISH | MOORISH SCIENCE TEMPLE | 02-19-2001 | 0831 |
| WRK | UNASSG | UNASSIGNED | 08-27-2003 | 0851 |

WORK PERFORMANCE RATING: Mr. Carpenter is currently unassigned; he should
obtain an institution work assignment and receive at least satisfactory
work performance evaluations.
INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: This is Mr. Carpenters initial
review at FMC Devens.


FRP PLAN/PROGRESS: Mr. Carpenter does not have any FRP obligation. Llmos D } Just
                                                                   Llmos S } Arrived.

RELEASE PREPARATION PARTICIPATION: Mr. Carpenter is listed as RPP participates,
to date he has completed 11 of the (6) required courses.

CCC RECOMMENDATION: Mr. Carpenter is currently being reviewed for a CCC placement date of no earlier than 4-16-04.

PROGRESS MADE SINCE LAST REVIEW: This is Mr. Carpenter's initial review at FMC Devens.

GOALS FOR NEXT PROGRAM REVIEW MEETING: By November 2003, Mr. Carpenter should enroll in at least (1) Adult Continuing Education course and make satisfactory progress towards completion, enroll in at least (2) RPP courses and make satisfactory progress towards completion, obtain an institution work assignment and receive at least satisfactory work performance evaluations, begin developing release plans, maintain clear conduct/sanitation, and begin saving money for release.

LONG TERM GOALS: Mr. Carpenter should complete at least (2) Adult Continuing Education courses prior to release, complete RPP prior to release, receive good work performance evaluations, have release plans approved by CSUSA, maintain clear conduct/sanitation, and have money saved for release.

OTHER INMATE REQUESTS/TEAM ACTIONS: 407/408 Reviewed

SIGNATURES: _D. Guccui csw_  8-29-03  _S. Fisher, clc 8/29/03_

UNIT MANAGER: _D. Hernandez_    INMATE: _X D'Wayne Carpenter_

DATE: _8-29-03_    DATE: _8-29-03_

Exhibit 1
Attachment H

BP-S187.058  **PROGRESS REPORT**  CDFRM
JUN 98
**U.S. DEPARTMENT OF JUSTICE**

P.S 5803.07
Attachment A
**FEDERAL BUREAU OF PRISONS**

| Institution Name, Address, & Telephone No.<br>Federal Medical Center Devens<br>P.O. Box 880 Ayer, MA 01432    (978) 796-1000 | Date<br>November 3, 2003 |
|---|---|

Inmate Reviewed

| Inmate's Signature<br>X *Dwayne Carpenter* | Date<br>11-5-03 | Staff Signature<br>*D. William* |
|---|---|---|

**l. Type of Progress Report**
**CCC Placement**

| 2. Inmate's Name<br>CARPENTER, Dwayne | 3. Register Number<br>05823-016 | 4. Age (DOB)<br>41 (11-13-1961) |
|---|---|---|

**5. Present Security/Custody Level**
Medium/In

**6. Offense/Violator Offense**
D.C. 22-2901, 3202: Armed Robbery

**7. Sentence**
D.C. Omnibus Adult Sentence: 21 Years with a Minimum Term of 7 Years

| 8. Sentence Began<br>07-14-1998 | 9. Months Served + Jail Credit<br>63 months + 624 days Jail Credit | 10. Days GCT/or EGT/SGT<br>45 days EGT vested |
|---|---|---|
| 11. Days FSGT/WSGT/DGCT<br>0/0/0 | 12. Projected Release<br>10-16-2004 via Parole | 13. Last USPC Action<br>May 9, 2003: Continue to a Presumptive Parole on October 16, 2004, after service of 96 months. |

**14. Detainers/Pending Charges:** None Known at This Time

**15. Co-defendants**
Refer to PSI

Record Copy - Inmate File; copy - U.S. Probation Office; copy - Parole Commission Regional Office (If applicable); copy - inmate
Replaces BP-s187.058 DTD FEB 94
(This form may be replicated via WP)

Progress Report - Continued

| Committed Name: CARPENTER, Dwayne | Reg. No. 05823-016 | Date: November 3, 2003 |
| --- | --- | --- |

16.  **INSTITUTIONAL ADJUSTMENT:** Mr. Carpenter has adjusted satisfactorily to his current incarceration. He maintains a good rapport with staff and his inmate peers. He is not considered a management or disciplinary problem.

    A.  **Program Plan:** Mr. Carpenter's Initial Classification at FCI Allenwood took place on March 1, 2001. During this and subsequent reviews, the Unit Team recommended he enroll in the GED Program and make satisfactory progress towards completion, completion of the GED Program prior to release, enroll in at least (1) Adult Continuing Education Course and make satisfactory progress towards completion, completion of at least (2) Adult Continuing Education courses per year up until release, enroll in at least (2) RPP courses and make satisfactory progress towards completion, completion of RPP prior to release, voluntarily enroll in the 40 Hour Drug Education Program and make satisfactory progress towards completion, voluntary completion of the 40 Hour Drug Education Program prior to release, obtain an institution work assignment and receive at least satisfactory work performance evaluations, begin developing release plans, maintain clear conduct/sanitation, and begin saving money for release.

    B.  **Work Assignments:** Mr. Carpenter was assigned to Food Service on September 1, 2003, and is receiving satisfactory work performance evaluations. While at FCI Allenwood, Mr. Carpenter was assigned to the following work details: UNICOR Finishing Shop(08-30-2002 through 08-12-2003) and Food Service(02-27-2001 through 08-30-2002).

    C.  **Educational / Vocational Participation:** Since arriving at FMC Devens, Mr. Carpenter has not enrolled in, nor completed any education courses. While at FCI Allenwood, Mr. Carpenter completed the following education courses: Computer VT(03-05-2003), College Psychology of Success(09-04-2002), Truck Drivers License(11-27-2001), and GED Program(07-01-2001).

    D.  **Counseling Programs:** Mr. Carpenter voluntarily completed the 40 Hour Drug Education Program on April 5, 2001.

    E.  **Incident Reports:** Mr. Carpenter has maintained clear conduct during his period of incarceration..

    F.  **Institutional Movement:** Mr. Carpenter arrived at FCI, Allenwood, Pennsylvania on February 6, 2001, as a D.C. Transition Case. He remained there until his transfer to FMC, Devens, Massachusetts on August 12, 2003, for medical evaluation and treatment. No further movement is planned and it is expected that he will release from this facility.

    G.  **Physical / Mental Health:** Mr. Carpenter has a work assignment of Regular Duty with no medical restrictions. He has been cleared for Food Service. The Unit Team is not aware of any mental health issues.

    H.  **Progress On Financial Responsibility:** Mr. Carpenter has no financial obligations at this time.

17.  **RELEASE PLANNING:** Mr. Carpenter is being referred for a Community Corrections Center placement of no earlier than April 16, 2004. Upon release, he plans on residing in the District of Columbia with his wife, Roberta Carpenter. His tentative release plans are as follows:

Progress Report - Continued

| Committed Name: CARPENTER, Dwayne | Reg. No. 05823-016 | Date: November 3, 2003 |
|---|---|---|

A.    **Residence:**    Roberta Carpenter (Wife)
2371 Ainger Place, S.E.
Washington, D.C. 20020
Home Telephone Number: (202) 610-0045

B.    **Employment:**    To be determined upon release

C.    **USPO:**    **Sentencing District**
Sharon Barnes-Durbin, SCSA
Court Services and Offender Supervision Agency
300 Indiana Avenue, N.W. Room 2010
Washington, D.C. 20001
Telephone Number: (202) 585-7427

D.    **Release Preparation Program:** Mr. Carpenter is listed as RPP Participates; to date, he has completed (1) of the (6) required courses.

**Offender is subject to notification under 18 USC 4042(B), due to the offender's current conviction for Violence and Past Violence**

18.    **PREPARED BY:**    _Daniel F. Sullivan, Case Manager_

19.    **DATE TYPED:**    November 3, 2003

20.    **REVIEWED BY:**    _D. Fernandez 11/4/03_
Veronica Fernandez, J Unit Manager

Exhibit 1
Attachment I



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Medical Center, Devens*

---

*P.O. Box 880*
*Ayer, MA 01432*

November 7, 2003

United States Parole Commission
Attn: Joann Kelly, Pre-Release Case Analyst
5550 Friendship Boulevard.
Suite 420
Chevy Chase, MD  20815

RE: CARPENTER, Dwayne A.
    Reg. No. 05823-016

Dear Ms. Kelly:

Mr. Carpenter has been granted a presumptive parole date of October 16, 2004.  He has maintained clear conduct since his last hearing and we are requesting that his presumptive parole date be made effective.

Enclosed you will find an up to date progress report on Mr. Carpenter.  If additional information is needed, please call me at (978) 796-1000.

Sincerely,

Veronica Fernandez
Unit Manager

Exhibit 1
Attachment J

INSTITUTION: DEV  DEVENS FMC

NAME.......: CARPENTER, DWAYNE A                    REG. NO: 05823-016
RESIDENCE..: WASHINGTON, DC 20020

TYPE OF REVIEW......: ~~INITIAL CLASSIFICATION~~ (PROGRAM REVIEW)
NEXT REVIEW DATE....: February 14, 2004

PROJ. RELEASE DATE..: 10-16-2004          RELEASE METHOD.: PRESUM PAR
PAROLE HEARING DATE.: NONE                HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: June 2004    DETAINERS (Y/N): (N)

CIM STATUS (Y/N)....: (Y)        IF YES, RECONCILED (Y/N): Maintained

PENDING CHARGES.....: None Known at This Time

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....: yes
     IF YES - CIRCLE ONE - DRUG TRAFFICKING (CURRENT VIOLENCE) (PAST VIOLENCE)

| CATEGORY | - - - - - - - CURRENT ASSIGNMENT - - - - - - - - | EFF DATE | TIME |
|----------|-------------------------------------------------|----------|------|
| CMA | PROG RPT  | NEXT PROGRESS REPORT DUE DATE | 02-06-2004 | 1438 |
| CMA | RPP PART  | RELEASE PREP PGM PARTICIPATES | 06-27-2003 | 0624 |
| CMA | RPP UNT C | RELEASE PREP UNIT PGM COMPLETE | 10-20-2003 | 0925 |
| CMA | V94 CVA913 | V94 CURR VIOL ON/AFTER 91394 | 08-28-2003 | 1400 |
| CMA | V94 PV    | V94 PAST VIOLENCE | 02-26-2001 | 1258 |
| CUS | IN        | IN CUSTODY | 01-18-2001 | 0805 |
| DRG | DRG E COMP | DRUG EDUCATION COMPLETED | 04-05-2001 | 1430 |
| DRG | DRG I NONE | NO DRUG INTERVIEW REQUIRED | 02-26-2001 | 1549 |
| DRG | NR COMP   | NRES DRUG TMT/COMPLETE | 07-30-2002 | 1054 |
| EDI | ESL HAS   | ENGLISH PROFICIENT | 02-13-2001 | 1713 |
| EDI | GED HAS   | COMPLETED GED OR HS DIPLOMA | 07-01-2001 | 1600 |
| FRP | NO OBLG   | FINANC RESP-NO OBLIGATION | 02-26-2001 | 1306 |
| LEV | MEDIUM    | SECURITY CLASSIFICATION MEDIUM | 05-03-2000 | 1533 |
| MDS | REG DUTY  | NO MEDICAL RESTR--REGULAR DUTY | 08-20-2003 | 1047 |
| MDS | YES F/S   | CLEARED FOR FOOD SERVICE | 08-20-2003 | 1048 |
| QTR | J04-406U  | HOUSE J/RANGE 04/BED 406U | 10-24-2003 | 0948 |
| RLG | MOORISH   | MOORISH SCIENCE TEMPLE | 02-19-2001 | 0831 |
| WRK | FS 4      | FOOD SERVICE 4 | 09-08-2003 | 0001 |

WORK PERFORMANCE RATING: Mr. Carpenter is currently Assigned to Food
Service And is receiving Satisfactory work performance evaluations.

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: Mr. Carpenter has maintained
Clear Conduct since his last review.

FRP PLAN/PROGRESS: Mr. Carpenter has no FRP obligations at this time. Lemos D- 8213 ___
                                                                        Lemos S- 8213 21

RELEASE PREPARATION PARTICIPATION: Mr. Carpenter is currently participating
in RPP. to date he has completed (1 of the (6) required courses

CCC RECOMMENDATION: _Mr. Carpenter has been referred for a CCC placement_
_of no earlier than 4-16-2004_

PROGRESS MADE SINCE LAST REVIEW: _Mr. Carpenter has maintained clear_
_conduct._

GOALS FOR NEXT PROGRAM REVIEW MEETING: _(A) By February 2004, Mr. Carpenter_
_should enroll in at least (1) Adult Continuing Education course and_
_make satisfactory progress towards completion, enroll in at least (2) RPP_
_classes and make satisfactory progress towards completion, improve_
_work performance rating from satisfactory to good, maintain clear_
_conduct/sanitation and begin saving money for release._

LONG TERM GOALS: _Mr. Carpenter should complete at least (2) additional_
_Adult Continuing Education courses prior to release, complete RPP_
_prior to release, receive good work performance evaluations,_
_maintain clear conduct/sanitation and (B) have money saved for_
_release._

OTHER INMATE REQUESTS/TEAM ACTIONS: _407/408 Reviewed._

SIGNATURES: _____ _____ CSW  11-14-03  _____ 11/14/03

UNIT MANAGER: _____   INMATE: X _____ Wayne Carpenter

DATE: _____ 11-14-03 _____   DATE: _____ 11-14-03 _____

Exhibit 1
Attachment K

BP-S210.073 INSTITUTIONAL REFERRAL FOR CCC PLACEMENT CDFRM
SEP 99
U.S. DEPARTMENT OF JUSTICE — FEDERAL BUREAU OF PRISONS

TO: Linda Moore, CCM
Federal Bureau of Prisons Community Corrections
10010 Junction Drive; Suite 101-N
Annapolis Junction, Maryland 20701

FROM: David L. Winn, Warden
Signature certifies approval and CIMS Clearance   11/19/3

Inmate Name: CARPENTER, Dwayne A.

Register Number: 05823-016    Date: November 20, 2003

Unit Manager/Mail ID: Veronica Fernandez

Institution (Address and Phone Number):
Federal Medical Center, Devens
P.O. Box 880
Ayer, MA 01432
(978) 796-1000

1. Release City: Washington, D.C.    Supervision District: District of Columbia

2. Anticipated Release Date: 10-16-2004    Method: Parole    Verified by (IBM Staff): S. Gagnon, Acting ISM

3. Recommended (only one):
   a. Range:
   b. Date: 04-16-2004

4. If a presumptive parole case, enter the date the pre-release record review progress report was submitted to the Parole Commission: November 7, 2003

5. Statutory Interim Hearing Scheduled?
   ☐ Yes   ☐ No   ☐ Waived   XX N/A

6. Supervised Release   XXX Yes   No

Special Parole Term   ☐ Yes   XXX No

7. Aftercare Supervision
   XX Drug   XX Alcohol   Mental Health

8. CIM Case: XX Yes   No    Assignment: Separation

As CMC, I have reviewed the Request for Activity Clearance (404) and the SENTRY CIM Clearance and Separatee Data and I recommend the inmate be considered for CCC placement and clearance be granted by the Warden.
☐ Yes   ☐ No   Signature of CMC
Upon signature of the Warden, I will update SENTRY to reflect CCC referral for range/date as listed in item 3 above.

NOTE: The CMC will update SENTRY to reflect specific dates and CCC location code upon notification of acceptance from the CCM.

9. If proposed District of Supervision differs from Sentencing District, has USPO approved?   Yes   No   XXX N/A

10. Does inmate have a financial obligation? Yes XXX No
If yes, indicate type and how obligation will be paid in item 12.

11. Additional Information, including status of any detainers or pending charge(s) and whether there is a substance abuse history.

According to Mr. Carpenter's PSI, he has a lengthy history of substance abuse. He began using marijuana at the age of 12 and progressed to the use of heroin by the age of 21. He admits to being under the influence of cocaine and heroin when arrested for his instant offense. Although he voluntarily completed the 40 Hour Drug Education Program, he has never received any other formal treatment to address the issue(s) of his addiction. Mr. Carpenter is serving a term of 21 Years with a Minimum Term of 7 Years for Armed Robbery. It should be noted that Mr. Carpenter has a lengthy history of serious violence. Mr. Carpenter was found guilty of Assault With a Deadly Weapon on December 5, 1980, was charged with Assault With Intent to Kill While Armed, but plead to a lesser included offense on August 7, 1981, and Simple Assault on September 28, 1981. In addition, Mr. Carpenter's PSI indicates he has unresolved charges. Mr. Carpenter was arrested on April 3, 1983 for Robbery With a Deadly Weapon. Prince George's County Prosecutor, Upper Marlboro, Maryland has confirmed that this case was Nol Prossed. On August 30, 1983, Mr. Carpenter was arrested for Armed Robbery/Carrying Handgun In Commission of a Felony, in Montgomery County, Rockville, Maryland. According to the State's Attorney, Mr. Carpenter plead guilty on December 20, 1983, to Armed Robbery. The remaining counts were Nol Prossed. He was sentenced to 6 years commencing on February 8, 1980, with 3 years suspended, and 3 years Supervised Probation. The sentence was to run concurrently to a 13 Year sentence he was then serving in the Indiana State Prison system. There are currently no known detainers or pending charges.

12. Specific release preparation/Pre-natal care needs.
Mr. Carpenter does not have any financial obligations at this time. Upon release, Mr. Carpenter has secured a release residence with his wife, Roberta Carpenter. In lieu of medical insurance, Mrs. Carpenter has agreed to assume responsibility for any medical expenses Mr. Carpenter might incur. It is with the assistance of a Community Corrections Center placement that will allow Mr. Carpenter to secure employment, obtain the necessary drug treatment services, and make a successful reintegration back into society.

13. For MINT Referrals, Date of Delivery:

14. (a) For MINT Referrals, Projected Date of Return to Parent Institution:
(B) Proposed guardian:

| TO BE FORWARDED WITH THE REFERRAL FORM | NO. COPIES | TO BE FORWARDED TO THE REGIONAL TSM | NO. COPIES |
|---|---|---|---|
| BP-S210, Referral Form | 2 | BP-S210, Referral Form | 1 |
| Current Progress Report | 2 | Current Progress Report | 2 |
| Pre-sentence Report/Violation Report | 2 | Treatment Summary and Referral Form | |
| Community Based Program Agreement | 1 | Drug Abuse Treatment Programs Agreement to | 2 |
| BP-339 CIM Case Information Summary (Non-Separation Cases) | | Participate in Community Transition Programming | |
| USPO Acceptance Letter | 2 | | |
| Copy of Latest Notice of Action | 2 | | |
| BP-351 Medical Evaluation for Transfer of Inmates to CCC Type Facility | 2 | | |
| Judgment & Commitment Order | 2 | | |
| Statement of Responsibility | | | |

* If the inmate has a diagnosed, ongoing medical condition, such as diabetes or coronary disease, send any pertinent medical records.

Record Copy - CCM; Copy - Institution File; Copy - USPO Sentencing District; Copy USPO District of Supervision
(This form may be replicated via WP)    This form replaces BP-210 November 1995

Exhibit 1
Attachment L

# Hope Village

2840 Langston Place, S.E.
Washington, D.C. 20020
(202) 678-1077/678-1551
Fax (202) 678-0161

2FJ

December 2, 2003

Dear Dewayne Carpenter, #05823-016:

I am writing to inform you that we have approved your referral for acceptance to Hope Village Community Correctional Center.

The acceptance date of April 20, 2004, with a tentative placement date pending final approval from the appropriate authorities.

Enclosed is a copy of our rules and regulations. After you have reviewed, please sign and return the enclosed signature form through your Case Manager.

We hope your stay at Hope Village will be a successful one.

Sincerely,

Joseph Wilmer
Administrative Director

Enclosure(s)

**"HOPE VILLAGE CHANGES LIVES"**

Exhibit 1
Attachment M

From:       CBR/CCM~
To:         Fernandez, Veronica A.
Date:       3/17/2004 8:25:36 AM
Subject:    Carpenter #05823-016

Veronica, after pulling this inmates file and checking his medical info on sentry and his job abilities, I changed his date to 06-16-04.  He has significant medical problems(renal failure, dialysis,hypertension) and am sure he can not work a 40 hr job.  Subsequently, I am allowing him a 4 month placement instead of a 6 month placement.

Exhibit 1
Attachment N

```
    DEVBE         *        PROGRAM REVIEW REPORT          *      02-10-2004
  PAGE 001                                                       12:09:20
```

INSTITUTION: DEV  DEVENS FMC

NAME.......: CARPENTER, DWAYNE A                REG. NO: 05823-016
RESIDENCE..: WASHINGTON, DC 20020

TYPE OF REVIEW......: ~~INITIAL CLASSIFICATION/PROGRAM REVIEW~~ _final_
NEXT REVIEW DATE...: _final_

PROJ. RELEASE DATE..: 10-16-2004          RELEASE METHOD.: PRESUM PAR
PAROLE HEARING DATE.: NONE                HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: _final_      DETAINERS (Y/N): N

CIM STATUS (Y/N)....: Y          IF YES, RECONCILED (Y/N): _yes_

PENDING CHARGES.....: _none known_

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. ~~4042~~(B) (Y/N)....: _(yes_
    IF YES - CIRCLE ONE - DRUG TRAFFICKING/(CURRENT VIOLENCE)/~~PAST VIOLENCE~~

| CATEGORY | - - - - - - - | CURRENT ASSIGNMENT - - - - - - - - | EFF DATE | TIME |
|----------|---------------|-------------------------------------|----------|------|
| CMA | PROG RPT | NEXT PROGRESS REPORT DUE DATE | 11-03-2006 | 1209 |
| CMA | RPP PART | RELEASE PREP PGM PARTICIPATES | 06-27-2003 | 0624 |
| CMA | RPP UNT C | RELEASE PREP UNIT PGM COMPLETE | 10-20-2003 | 0925 |
| CMA | V94 CVA913 | V94 CURR VIOL ON/AFTER 91394 | 08-28-2003 | 1400 |
| CMA | V94 PV | V94 PAST VIOLENCE | 02-26-2001 | 1258 |
| CUS | IN | IN CUSTODY | 01-18-2001 | 0805 |
| DRG | DRG E COMP | DRUG EDUCATION COMPLETED | 04-05-2001 | 1430 |
| DRG | DRG I NONE | NO DRUG INTERVIEW REQUIRED | 02-26-2001 | 1549 |
| DRG | NR COMP | NRES DRUG TMT/COMPLETE | 07-30-2002 | 1054 |
| DST | SPG MS | SPRINGFIELD MCFP-MED SURG | 12-31-2003 | 1119 |
| EDI | ESL HAS | ENGLISH PROFICIENT | 02-13-2001 | 1713 |
| EDI | GED HAS | COMPLETED GED OR HS DIPLOMA | 07-01-2001 | 1600 |
| FRP | NO OBLG | FINANC RESP-NO OBLIGATION | 02-26-2001 | 1306 |
| LEV | MEDIUM | SECURITY CLASSIFICATION MEDIUM | 05-03-2000 | 1533 |
| MDS | LOWER BUNK | LOWER BUNK REQUIRED | 12-11-2003 | 0729 |
| MDS | REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 02-10-2004 | 0001 |
| MDS | YES F/S | CLEARED FOR FOOD SERVICE | 08-20-2003 | 1048 |
| QTR | J04-406L | HOUSE J/RANGE 04/BED 406L | 12-31-2003 | 1239 |
| RLG | MOORISH | MOORISH SCIENCE TEMPLE | 02-19-2001 | 0831 |
| WRK | FS 2 | FOOD SERVICE PM | 01-05-2004 | 0001 |

WORK PERFORMANCE RATING: _satisfactory will reports._

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: _None since incarceration_

FRP PLAN/PROGRESS: _No obligation  1 cub 6 mos $ 320.22 Bal $.90_

```
DEVBE          *           PROGRAM REVIEW REPORT    Personal        02-10-2004
PAGE 002                   parts status            Growth          12:09:20
```

RELEASE PREPARATION PARTICIPATION: *Completed 1 ed category.*
*needs 5 more categories*

CCC RECOMMENDATION: *4/20/04 CCC placement.*

PROGRESS MADE SINCE LAST REVIEW: *clean conduct, CCC placement,*
*Satisfactory work reports, no education or release classes*
*was not saved & for release.*

GOALS FOR NEXT PROGRAM REVIEW MEETING: *cell sanitation good - outstanding*
*work reports, complete 2 release classes (Health & Nutrition,*
*Employment). save $50 for release purposes.*
*comply w/ medical treatment. smoking cessation*

LONG TERM GOALS: *complete 2 release classes prior to*
*4/20/04. Maintain family ties, $50 save for release.*

OTHER INMATE REQUESTS/TEAM ACTIONS: *Renewed 402, 408.*

*Prescriptive date → effective date - parole.*
*Waiting for parole commission to change*
*to parole.*

```
DEVBE                 *        PROGRAM REVIEW REPORT           *      02-10-2004
PAGE 003 OF 003                                                       12:09:20
```

SIGNATURES:

UNIT MANAGER: _Hernandez_         INMATE: _D Wayne Carpenter_

DATE: _2/11/04_                   DATE: _8/11/04_

Exhibit 1
Attachment O

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| M/s. FERNANDEZ Unit MANGER | 3/17/04 |
| FROM: D'WAYNE CARPENTER | REGISTER NO.: 05803-016 |
| WORK ASSIGNMENT: Food SERVICE | UNIT: JB |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

Would you pleASE give me A Copy of
how my hAlf way house date ChANGE from 4-20-04 to
6-20-04
            Thank you

(Do not write below this line)

DISPOSITION:

On 3/17/04 we were notified by
the Community Corrections Office in
Baltimore that your date was changed
to 6-16-04 due to your medical problems.
You are now receiving a 4 month placement instead of 6
months

Signature Staff Member  Fernandez          Date  3/17/04

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)          This form replaces BP-148.070 dated Oct 86
                                              and BP-S148.070 APR 94


Printed on Recycled Paper

Exhibit 1
Attachment P

BP-S210.073 **INSTITUTIONAL REFERRAL FOR CCC PLACEMENT** CDFRM
SEP 99
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| TO: Linda Moore, CCM<br>10010 Junction Drive<br>Suite 101-N<br>Annapolis Junction, MD 20701 | FROM: David L. Winn, Warden<br><br>7/1/4 |
|---|---|
| Inmate Name<br>CARPENTER, Dwayne A. | Register Number<br>05823-016 | Date<br>June 30, 2004 |

| Unit Manager/Mail ID<br>Veronica Fernandez | Institution (Address and Phone Number)<br>FMC Devens<br>P.O. Box 880<br>Ayer, MA 01432    (978) 796-1000 |
|---|---|

1. Release City: Washington, DC | Supervision District:<br>District of Columbia

| 2. Anticipated Release Date<br>October 16, 2004 | Method<br>Parole | Verified by (ISM Staff)<br>Steve Gagnon, ISM |
|---|---|---|

3. Recommended (only one):
   a. Range        or
   b. Date July 26, 2004 (home confinement)

4. If a presumptive parole case, enter the date the pre-release record review progress report was submitted to the Parole Commission: November 7, 2003

| 5. Statutory Interim Hearing Scheduled?<br>☐ Yes   X No   ☐ Waived | 6. Supervised Release<br>Yes   X No | Special Parole Term<br>X Yes   No |
|---|---|---|

7. Aftercare Supervision
   X Drug X Alcohol  Mental Health  ☐  Other    N/A

8. CIM Case: X Yes   No    Assignment: Separation

| As CMC, I have reviewed the Request for Activity Clearance (404) and the SENTRY CIM Clearance and Separatee Data and I recommend the inmate be considered for CCC placement and clearance be granted by the Warden.<br><br>☑ Yes   ☐ No    Signature of CMC<br>Upon signature of the Warden, I will update SENTRY to reflect CCC referral for range/date as listed in item 3 above. | NOTE:<br>The CMC will update SENTRY to reflect specific dates and CCC location code upon notification of acceptance from the CCM. |
|---|---|

| 9. If proposed District of Supervision differs from Sentencing District, has USPO approved? X Yes   No N/A | 10. Does inmate have a financial obligation? Yes X No<br>If yes, indicate type and how obligation will be paid in item 12. |
|---|---|

11. Additional Information, including status of any detainers or pending charge(s) and whether there is a substance abuse history. According to Mr. Carpenter's Pre Sentence Investigation Report, he has a lengthy history of substance abuse. He began using marijuana at the age of 12 and progressed to the use of heroin by the age of 21. He admits to being under the influence of cocaine and heroin when arrested for his instant offense. He voluntarily completed the 40 hour Drug Education Program and the Non-Residential Drug Abuse Program. Psychology staff recommends drug abstinence and support groups. In addition, Mr. Carpenter's PSI indicates he has unresolved charges. Mr. Carpenter was arrested on April 3, 1983, for Robbery with a Deadly Weapon. Prince George's County Prosecutor, Upper Marlboro, Maryland has confirmed that this case was Nol Prossed. On August 30, 1983, Mr. Carpenter was arrested for Armed Robbery/Carrying Handgun in Commission of a Felony, in Montgomery County, Rockville, Maryland. According to the State's Attorney, Mr. Carpenter plead guilty on December 20, 1983, to Armed Robbery. The remaining counts were Nol Prossed. He was sentenced to 6 years commencing on February 8, 1980, with 3 years suspended, and 3 years supervised probation. The sentence was to run concurrently to a 13 year sentence he was serving in the Indiana State Prison system. Currently, there are no known detainers or pending charges.

12. Specific release preparation/Pre-natal care needs. Mr. Carpenter has been diagnosed with Hepatitis C, chest pain, history of right kidney removed in 1992, Hypertension, and polysubstance abuse. He receives dialysis three times a week. Mr. Carpenter applied for Social Security Disability with the assistance of a staff social worker and has been approved. The social worker is assisting Mr. Carpenter in securing a place for him to receive dialysis three times a week in the community. Also, his wife, Roberta Carpenter has agreed to be responsible for any additional medical expenses incurred while Mr. Carpenter is on home confinement. Previously, Mr. Carpenter had been approved for acceptance to Hope Village Community Correctional Center for June 16, 2004. This placement was later denied based on Mr. Carpenter's medical problems. Recently, his medical doctor at FMC Devens has medically cleared him to be re-considered for a CCC placement. To aid his reintegration in the community, the Unit Team is recommending that Mr. Carpenter receive a Community Corrections Center (home confinement) placement of July 26, 2004.

| 13. For MINT Referrals, Date of Delivery: | 14. (a) For MINT Referrals, Projected Date of Return to Parent Institution:<br>(B) Proposed guardian: |
|---|---|

Exhibit 1
Attachment Q

Case 4:04-cv-40043-WGY   Document 9   Filed 08/17/2004   Page 70 of 95

```
           ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    08-05-2004
                                                            09:54:05
        FUNCTION: LST SCOPE: REG   EQ 05823-016   OUTPUT FORMAT: FULL
------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW---------
DT RCV: FROM _____ THRU _____   DT STS: FROM _____   THRU _____
DT STS: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT RDU
DT TDU: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: _____ _____ ___ ___           RECEIPT: _ _ _  "OR" EXTENSION: _ _ _
EXTENDED: _ REMEDY LEVEL: _ _             RECEIPT: _ _ _  "OR" EXTENSION: _ _ _
RCV  OFC : EQ ____      ___        ____      ____      ____      ___
TRACK:  DEPT:  _____ _____ _____ _____ _____ _____
       PERSON:  ___      ___        ____      ____      ____      ___
        TYPE:  ___      ___        ____      ____      ____      ___
EVNT FACL: EQ ____      ___        ____      ____      ____      ___
RCV FACL.: EQ ____      ___        ____      ____      ____      ___
RCV UN/LC: EQ _____ _____ _____ _____ _____ _____
RCV QTR..: EQ _____ _____ _____ _____ _____ _____
ORIG FACL: EQ ____      ___        ____      ____      ____      ___
ORG UN/LC: EQ _____ _____ _____ _____ _____ _____
ORIG QTR.: EQ _____ _____ _____ _____ _____ _____


G0002      MORE PAGES TO FOLLOW . . .
```

Case 4:04-cv-40043-WGY   Document 9   Filed 08/17/2004   Page 71 of 95

```
REGNO: 05823-016 NAME: CARPENTER, DWAYNE
RSP OF...: DEV UNT/LOC/DST: J CC                QTR.: J04-406L   RCV OFC: ALM
REMEDY ID: 275778-F1       SUB1: 12EM SUB2:     DATE RCV:   08-21-2002
UNT RCV..: UNIT 2A       QTR RCV.: B04-218L     FACL RCV: ALM
UNT ORG..: UNIT 2A       QTR ORG.: B04-218L     FACL ORG: ALM
EVT FACL.: ALM      ACC LEV:  ALM  1               RESP DUE:  TUE  09-10-2002
ABSTRACT.: MERITORIOUS GOOD TIME BY FOOD SERVICE NOT REC'D
STATUS DT: 08-30-2002  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:           RCT: P EXT:   DATE ENTD: 08-21-2002
REMARKS..:
```

G0002      MORE PAGES TO FOLLOW . . .

```
REGNO: 05823-016 NAME: CARPENTER, DWAYNE
RSP OF...: DEV UNT/LOC/DST: J CC                QTR.: J04-406L   RCV OFC: DEV
REMEDY ID: 330468-F1      SUB1: 19FM SUB2:      DATE RCV:   04-06-2004
UNT RCV..: J CC           QTR RCV.: J04-406L    FACL RCV: DEV
UNT ORG..: J CC           QTR ORG.: J04-406L    FACL ORG: DEV
EVT FACL.: DEV    ACC LEV:  DEV  1 NER  1 BOP  1    RESP DUE:  MON '04-26-2004
ABSTRACT.: WANTS ORIGINAL DATE OF CCC PLACEMENT BACK TO4/16/04
STATUS DT: 07-13-2004  STATUS CODE: CLO STATUS REASON: XPL
INCRPTNO.:            RCT: P EXT:   DATE ENTD: 04-09-2004
REMARKS..:
```

```
                  CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA
DATE DUE          DEPARTMENT    TO    DATE ASSN    TRK TYPE    DATE RETURNED
FRI 04-16-2004    UNT MGT       JJ    04-09-2004   INV         05-14-2004
FRI 05-14-2004    EXEC ASST     DM    05-14-2004   INV         05-17-2004
TUE 05-18-2004    CEO           DLW   05-18-2004   SIG         05-18-2004
```

G0002      MORE PAGES TO FOLLOW . . .

Case 4:04-cv-40043-WGY   Document 9   Filed 08/17/2004   Page 73 of 95

REGNO: 05823-016 NAME: CARPENTER, DWAYNE
RSP OF...: DEV UNT/LOC/DST: J CC                    QTR.: J04-406L   RCV OFC: NER
REMEDY ID: 330468-R1       SUB1: 26AM SUB2: 19FM DATE RCV:    05-27-2004
UNT RCV..: J CC            QTR RCV.: J04-406L        FACL RCV: DEV
UNT ORG..: J CC            QTR ORG.: J04-406L        FACL ORG: DEV
EVT FACL.: DEV    ACC LEV:   DEV  1 NER  1 BOP  1   RESP DUE:   SAT  06-26-2004
ABSTRACT.: CCC PLACEMENT & MEDICAL ISSUES
STATUS DT: 06-24-2004   STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:              RCT: P EXT:   DATE ENTD: 06-01-2004
REMARKS..:

G0002        MORE PAGES TO FOLLOW . . .

Case 4:04-cv-40043-WGY   Document 9   Filed 08/17/2004   Page 74 of 95

```
REGNO: 05823-016 NAME: CARPENTER, DWAYNE
RSP OF...: DEV UNT/LOC/DST: J CC                     QTR.: J04-406L   RCV OFC: BOP
REMEDY ID: 330468-A1        SUB1: 26AM SUB2: 19FM DATE RCV:   07-19-2004
UNT RCV..: J CC          QTR RCV.: J04-406L         FACL RCV: DEV
UNT ORG..: J CC          QTR ORG.: J04-406L         FACL ORG: DEV
EVT FACL.: DEV    ACC LEV:  DEV  1 NER  1 BOP  1   RESP DUE:  SAT  08-28-2004
ABSTRACT.: CCC PLACEMENT & MEDICAL ISSUES
STATUS DT: 07-29-2004  STATUS CODE: ACC STATUS REASON:
INCRPTNO.:            RCT: P EXT:   DATE ENTD: 07-29-2004
REMARKS..:
```

```
                    4 REMEDY SUBMISSION(S) SELECTED
G0000          TRANSACTION SUCCESSFULLY COMPLETED
```

Exhibit 1
Attachment R

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | CARPENTER DWAYNE A | 05283-016 | JA | FMC DEVENS |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** On March 19,2004 I was notified by unit staff that my 10% was 'Flood Date has changed from April 30, 2004 to June 26, 2004 due to medical reasons. After checking with medical staff there isn't Anything in my medical records that would prevent me from RECEIVING my 10% date. Also I've check with ISM And my 10% date would be April 16, 2004 in which I am now not RECEIVING SEE Attached PAPERS  Also see PROGRAM statement 7310.04

_April 1, 2004_    _D'Wayne A. Carpenter_
DATE    SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED
APR 6 2004
FMC DEVENS
WARDEN'S OFFICE

_____    _____
DATE    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE    CASE NUMBER: _____

                                                    CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN    BP–229(13)
APRIL 1982

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #330468-F1**

This is in response to your Administrative Remedy in which you state that your halfway house date was changed from April 20, 2004 to June 16, 2004, due to medical reasons. Additionally, you claim that you checked with medical staff and there was nothing in your medical records that prevented you from receiving a six month placement in a Community Corrections Center (CCC).

As you are aware, an investigation of your complaint has revealed that further review of your current medical condition is warranted. Once this review is complete, you will be notified. Your assigned Unit Team, who will also be notified, will then re-evaluate your current CCC placement date.

Based on the above findings, your Request for Administrative Remedy is for informational purposes only.

If you are not satisfied with this decision, you may appeal to the Regional Director at Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania 19106. Your appeal must be received in the Northeast Regional Office within 20 days from the date of this response.

_____                _____
David L. Winn, Warden                                5/18/-4
                                                              Date

Exhibit 1
Attachment S

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: _Carpenter Dwayne R_      _05613-013_      _IB_      _FMC Devens_
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL** On March 17, 2004 I was notified that my half way house was changed due to medical reasons. This date was changed to June 18, 2004. On May 30, 2004 I was notified that my date has been changed until further notice. Once again claiming medical reasons. The dates are being changed because the medical staff here at FMC Devens has fail to properly diagnose a medical problem and this went un-notice for months by this medical staff. Where as the medical staff had already clear me. Now my 10% and evaluation given here at FMC Devens.

_May 30, 2004_                _R Wayne Carpenter_
    DATE                             SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____           _____
      DATE                                REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE     CASE NUMBER: ___230462-01___

**Part C—RECEIPT**

                                     CASE NUMBER: _____

Return to: _____    _DEV_
           LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

_____           _____
      DATE                     SIGNATURE RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

CARPENTER, Dwayne A.
Reg. No. 05823-016
Appeal No. 330468-R1
Page One

## Part B - Response

In your appeal, you allege your Community Corrections Center
(CCC) designation date has been changed indefinitely because the
medical staff at FMC Devens failed to properly diagnose your
medical problem.   You claim your 10% date has been taken because
of the poor medical treatment and evaluation that you received.

A review of your appeal reveals that the medical department at
FMC Devens initially cleared you for CCC placement and you
received a CCC placement date.   Upon further review of your case
and medical condition, your CCC placement date was rescinded.
Since that time, you have experienced additional medical problems
and are currently on medical convalescence.   There is no evidence
to substantiate your allegation that you have not been properly
diagnosed or that you have been receiving poor medical treatment.
An inmate does not have the right to be transferred to a CCC.
Medical concerns is a proper basis to postpone or rescind CCC
placement.   Your CCC placement will be reexamined after your
medical condition has stabilized.   Accordingly, your appeal is
denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.   Your appeal must be
received in the Administration Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: June 24, 2004

D. SCOTT DODRILL
Regional Director

Exhibit 1
Attachment T

U.S. Department of Justice          **Central Office Administrative Remedy Appeal**
Federal Bureau of Prisons

*Issued CIEN 6/9/04*

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: CARPENTER D'WAYNE A.    05823-016    JB    FMC DEVENS
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** According to BOP program Statement there is nothing stating that one would be discriminated against because of medical reason, On June 23, 2004 I was taken to U-Mass medical Hospital for A cardiac catherization test. And was told by Dr. Mercadante whom perform the test that there is nothing wrong with my Heart. Furthermore there are no showing of **PRIOR OR PRESENT** Heart problems. This complaint has now become compound. Not only has this become discrimination it has also become malpractice. I have been given medication for a non ex- istence Heart problem since 10/31/03.

July 7, 2004                    D'Wayne A. Carpenter
DATE                            SIGNATURE OF REQUESTER

**Part B—RESPONSE**


19 2004



DATE                                    GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE              CASE NUMBER: 330468-A1

**Part C—RECEIPT**
                                        CASE NUMBER: _____

Return to: _____    _____    _____    _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT       INSTITUTION
SUBJECT: _____

DATE                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP-231(13)
                                                                          APRIL 1982

Exhibit 1
Attachment U



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

| | |
|---|---|
| **OPI:** | CPD |
| **NUMBER:** | 7310.04 |
| **DATE:** | 12/16/98 |
| **SUBJECT:** | Community Corrections Center (CCC) Utilization and Transfer Procedure |

1. <u>PURPOSE AND SCOPE</u>.  To provide guidelines to staff regarding the effective use of Community Corrections Centers (CCCs).  This Program Statement defines placement criteria for offenders, requires that staff members start the placement process in a timely manner, and defines the circumstances when inmates may refuse Community Corrections (CC) programs.  It also establishes an operational philosophy for CCC referrals that, whenever possible, eligible inmates are to be released to the community through a CCC unless there is some impediment as outlined herein.

CCCs provide an excellent transitional environment for inmates nearing the end of their sentences.  The level of structure and supervision assures accountability and program opportunities in employment counseling and placement, substance abuse, and daily life skills.

One reason for referring an inmate to a CCC is to increase public protection by aiding the transition of the offender into the community.  Participating in community-based transitional services may reduce the likelihood of an inmate with limited resources from recidivating, whereas an inmate who is released directly from the institution to the community may return to a criminal lifestyle.  While clearly dangerous inmates should be separated from the community until completing their sentences, other eligible inmates should generally be referred to CCCs to maximize the chances of successful reintegration into society.

Finally, the scope of this Program Statement has been extended to include CCC consideration/placement of District of Columbia Department of Corrections inmates.

2.  <u>PROGRAM OBJECTIVES</u>.  The expected results of this program
are:

    a.  All eligible inmates will have opportunities to participate
in CCC programs to assist with their reintegration into the
community, in accordance with their release needs.

    b.  All inmates will have opportunities to communicate directly
with staff who make significant CCC referral recommendations.

    c.  Referral packets for CCC placement will be timely and
complete.

    d.  Before any inmate is transferred to a CCC, the CCC staff
will have the required notice and other documentation.

    e.  The public will be protected from undue risk.

3.  <u>DIRECTIVES AFFECTED</u>

    a.  <u>Directive Rescinded</u>

        PS 7310.03    Community Corrections Center (CCC)
                      Utilization and Transfer Procedures (3/25/96)

    b.  <u>Directives Referenced</u>

        PS 1434.06    Jurisdiction on Escape Related Issues –
                      Memorandum of Understanding USMS/FBI/BOP
                      (7/25/94)
        PS 1490.04    Victim and Witness Notification (2/3/98)
        PS 5100.06    Security Designation and Custody
                      Classification Manual (6/7/96)
        PS 5110.12    Notifications of Release to State and Local
                      Law Enforcement Officials (1/21/98)
        PS 5180.04    Central Inmate Monitoring System (8/16/96)
        PS 5250.01    Public Works and Community Service Projects
                      (1/19/93)
        PS 5264.06    Telephone Regulations for Inmates (12/22/95)
        PS 5280.08    Furloughs (2/4/98)
        PS 5322.10    Classification and Program Review of Inmates
                      (9/4/96)
        PS 5325.05    Release Preparation Program, Institution
                      (7/18/96)
        PS 5330.10    Drug Abuse Programs Manual, Inmate (5/25/95)
        PS 5380.05    Financial Responsibility Program, Inmate
                      (12/22/95)

| PS 5550.05 | Escape from Extended Limits of Confinement (3/27/96) |
| PS 5553.05 | Escapes/Deaths Notification (9/17/97) |
| PS 5800.07 | Inmate Systems Management Manual (12/24/91) |
| PS 5800.11 | Central File, Privacy Folder, and Parole Mini File (9/7/97) |
| PS 5873.05 | Release Gratuities, Transportation, and Clothing (9/4/96) |
| PS 5882.03 | Fines and Costs (2/4/98) |
| PS 6000.05 | Health Services Manual (9/15/96) |
| PS 6070.05 | Birth Control, Pregnancy, Child Placement, and Abortion (8/9/96) |
| PS 7300.09 | Community Corrections Manual (1/12/98) |
| PS 7320.01 | Home Confinement (9/6/95) |
| PS 7331.03 | Pretrial Inmates (11/22/94) |
| PS 7430.01 | Community Transitional Drug Treatment Services, Inmate (1/20/95) |

18 U.S.C. § 3621(b)
18 U.S.C. § 3624(c)

4. STANDARDS REFERENCED

   a. American Correctional Association 3rd Edition Standards for Adult Correctional Institutions:  3-4265, 3-4343, 3-4343-1, 3-4387, 3-4388, 3-4388-2, 3-4389, 3-4391, 3-4393, 3-4393-1

   b. American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities:  3-ALDF-3E-04, 3-ALDF-4E-19, 3-ALDF-4E-19-1, 3-ALDF-4F-04, 3-ALDF-4F-05, 3-ALDF-4F-07, 3-ALDF-4G-01, 3-ALDF-4G-06, 3-ALDF-4G-07

   c. American Correctional Association 2nd Edition Standards for Administration of Correctional Agencies:  2-CO-4G-01, 2-CO-4G-02

   d. American Correctional Association Standards for Adult Correctional Boot Camp Programs:  1-ABC-3D-04, 1-ABC-4E-20, 1-ABC-4F-08, 1-ABC-4F-10, 1-ABC-4G-01, 1-ABC-4G-02, 1-ABC-4G-03, 1-ABC-4G-06

5. STATUTORY AUTHORITY. 18 U.S.C. § 3624(c), provides:

   "The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last ten per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust

to and prepare for the prisoner's reentry into the
community.  The authority provided by this subsection may be
used to place a prisoner in home confinement.  The United
States Probation Office shall, to the extent practicable,
offer assistance to a prisoner during such pre-release
custody."

18 U.S.C. § 3621(b) provides:

"The Bureau of Prisons shall designate the place of the
prisoner's imprisonment.  The Bureau may designate any
available penal or correctional facility . . . the Bureau
determines to be appropriate and suitable."  A CCC meets the
definition of a "penal or correctional facility."

Therefore, the Bureau is not restricted by § 3624(c) in
designating a CCC for an inmate and may place an inmate in a CCC
for more than the "last ten per centum of the term," or more than
six months, if appropriate.

Section 3624(c), however, does restrict the Bureau in placing
inmates on home confinement to the last six months or 10% of the
sentence, whichever is less.

6.  PRETRIAL/HOLDOVER AND/OR DETAINEE INMATES.  This Program
Statement does not apply to pretrial, holdover, or detainee
inmates.

7.  COMMUNITY-BASED PROGRAMS

   a.  Community Corrections Centers (CCC).  CCCs, commonly
referred to as "halfway houses," provide suitable residence,
structured programs, job placement, and counseling, while the
inmates' activities are closely monitored.  All CCCs offer drug
testing and counseling for alcohol and drug-related problems.
During their stay, inmates are required to pay a subsistence
charge to help defray the cost of their confinement; this charge
is 25% of their gross income, not to exceed the average daily
cost of their CCC placements.  Failure to make subsistence
payments may result in disciplinary action.

   These contract facilities, located throughout the United
States, provide two program components:  the Community
Corrections Component and the Prerelease Component:

      (1)  The Community Corrections Component is designed as the
most restrictive option.  Except for employment and other
structured program activities, an inmate in this component is

PS 7310.04
12/16/98
Page 5

restricted to the CCC.  An inmate shall ordinarily be placed in
the Community Corrections Component upon arrival at the CCC..

     This orientation period normally lasts for two weeks or
until the inmate has demonstrated to CCC staff the responsibility
necessary to function in the community.  Based on their
professional judgment, CCC staff shall determine when an inmate
is prepared to advance to the Prerelease Component.

     (2)  The Prerelease Component is designed to assist inmates
making the transition from an institution setting to the
community.  These inmates have more access to the community and
family members through weekend and evening passes.

     b.  Community Corrections Programs.  In addition to a CCC's
traditional services, the Bureau also has the following
community-based programs.  Referral procedures may be described
in independent Bureau directives issuances.  The Community
Corrections Manager (CCM) reviews the inmate's characteristics
and the recommendations noted in the referral package to
determine if one of the following programs (if available) may be
more appropriate than traditional CCC placement.

     (1)  Comprehensive Sanctions Center (CSC).  The CSC concept,
initiated by the Bureau, with the extensive cooperation and
teamwork of U.S. Probation and CCC contractors, was developed to
provide courts with a wider range of sentencing options and to
facilitate the development and implementation of community
program plans tailored to the individual needs of prerelease
inmates.

     The CSC is designed to meet the needs of higher risk
prerelease inmates and consists of six different levels of
supervision, ranging from 24-hour confinement to Home
Confinement.

     It also may have an intensive treatment component consisting
of substance abuse education and treatment, life skills training,
mental health counseling, education, employment assistance, and
mentoring.  The inmate's progress is systematically reviewed by a
Program Review Team (PRT), consisting of representatives from the
Bureau, U.S. Probation, and the CCC.

     (2)  Mothers and Infants Together (MINT).  MINT is an
alternative residential program that promotes bonding and
parenting skills for low risk female inmates who are pregnant.
The inmate is placed in the program two months prior to delivery
and remains there for three months after delivery.

PS 7310.04
12/16/98
Page 6

(3) <u>Home Confinement</u>. Home Confinement is a generic term used to cover all circumstances in which an inmate is required to remain at home during non-working hours of the day. Electronic monitoring equipment is sometimes used to monitor compliance with the program's conditions. These programs provide an opportunity for inmates to assume increasing levels of responsibility, while, at the same time, providing sufficient restrictions to promote community safety and convey the sanctioning value of the sentence.

Home Confinement provides an option for inmates who do not need the structure of a residential facility. Except for inmates who are initially sentenced to and graduate from the Intensive Confinement Center Program, statutory provisions limit the length of Home Confinement to the last 10% of the sentence, or six months, whichever is less. Inmates are required to pay subsistence of 25% of their gross income to defray the costs of Home Confinement and electronic monitoring.

The Bureau is involved in two Home Confinement programs: Home Confinement operates from the Bureau's own network of CCCs and the U.S. Probation Division program.

(a) <u>CCC Contractors</u>. The first form of Home Confinement is CCC contractor-operated programs. In these programs, CCC staff monitor the inmate. Currently, only a few of these programs use electronic monitoring equipment. Supervision is provided by daily telephone contacts and periodic personal contacts in the home and workplace.

(b) <u>U.S. Probation Office</u>. The second form of Home Confinement involves placing federal inmates in programs operated by the U.S. Probation Office. These programs use electronic monitoring equipment with U.S. Probation Officers (USPO) providing supervision.

(4) <u>Transitional Services Program (TSP)</u>. The community-based transition phase of the Bureau's Residential Drug Treatment Program is designed to complement the accomplishments and continue the institutional program's treatment plan. It reinforces the inmate's personal responsibility to lead a drug-free lifestyle through personal accountability for choices, confrontation of negative thinking patterns, and instruction in basic social skills. Inmates who successfully complete the Residential Drug Treatment Program's institutional phase should normally be considered for the maximum 180 day period of CCC placement, if they are otherwise eligible.

(5)  Intensive Confinement Center (ICC).  A lengthy period
of Community Corrections Center confinement follows the
completion of the ICC program's institutional phase.  The CCC
time is divided among the restrictive Community Corrections
Component, the Prerelease Component, and Home Confinement.
Specific referral procedures are outlined in the ICC Program
Statement.

8.  RELEASE PLAN.  Staff shall begin release planning at an
inmate's first team meeting, normally the initial classification,
and shall continue throughout the inmate's confinement.  The
following guidelines apply:

   a.  Planning early in an inmate's period of confinement is
necessary to ensure release preparation needs are identified and
appropriate release preparation programs are recommended.

   b.  Preliminary decisions regarding eligibility for CC Programs
are to be made well in advance of the last year of confinement.

   c.  A final and specific release preparation plan, including a
decision as to CCC referral, is normally established at a team
meeting no later than 11 to 13 months before an inmate's
projected release date.

9.  CCC CRITERIA AND REFERRAL GUIDELINES

   a.  Regular Referrals.  Staff shall make recommendations for
CCC placements based on assessments of inmate needs for services,
public safety, and the necessity of the Bureau to manage its
inmate population responsibly.  CCCs are a program element and
are not to be used as a reward for good institutional behavior,
although an inmate's institutional adjustment may be a factor in
making a referral determination.

   A number of factors must be weighed to determine the length of
CCC placement for inmates, including their individual needs and
existing community resources.  Ordinarily, inmates with shorter
sentences do not require maximum CCC placement due to reduced
transition needs.  Additionally, inmates who are required to
spend a portion of time in a CCC as a condition of release (i.e.
supervised release or court order) do not require an extended
Bureau CCC placement.  For example, if the Unit Team determines
the inmate needs a six month CCC placement, but the inmate is
required to stay in a CCC for 90 days as a condition of release,
then the institution shall ordinarily refer the inmate for a 60-
90 day CCC placement.

PS 7310.04
12/16/98
Page 8

**Referrals to CCM offices should include a recommendation regarding the length of stay (range), such as recommending 60 to 90 days or 90 to 120 days, etc. This range of at least 30 days allows the CCM to match population needs with budgetary and CCC bed space resources, a process which requires this flexibility.**

However, there will be cases when the institution, for various management reasons, wants the CCM to place the inmate not earlier than a specific date. Then, the CCC referral form should specify a recommended placement date rather than a range and further state that the CCM should not adjust that date. The CCM shall adhere to the recommended date, with any adjustment only being downward if budget and/or bed space constraints are a factor.

The following CCC referral guidelines apply:

(1)    An inmate may be referred up to 180 days, with placement beyond 180 days highly unusual, and only possible with extraordinary justification. In such circumstances, the Warden shall contact the Regional Director for approval and the Chief USPO in the inmate's sentencing district to determine whether the sentencing judge objects to such placement.

(2)    The ultimate goal is to maximize each eligible inmate's chances for successful release and a law-abiding life.

(3)    When an inmate has a history of escape or failure in one or more CC Programs, careful review and consideration should be given regarding the suitability of participation and the length of placement.

(4)    Inmates with minor medical conditions or disabilities may also be considered for community placement. Inmates are required to assume financial responsibility for their health care while assigned to community programs. Such inmates must provide sufficient evidence to institution staff of their ability to pay for health care while at a CCC prior to the referral being made. When an inmate is unable or unwilling to bear the cost of necessary health care, the inmate shall be denied placement.

(5)    Inmates who have been approved for CCC referral and are otherwise appropriate for camp placement shall be transferred to a camp for intermediate placement. The inmate should have completed the Institution Release Preparation Program at the parent institution. The parent institution shall complete the CCC referral packet and the camp should be closer to the inmate's release residence. This process should be completed to allow the

PS 7310.04
12/16/98
Page 9

inmate a minimum of a 60 day placement at the camp prior to the
acceptance date at the CCC.

  b.  <u>MINT Referrals</u>.  Female inmates are eligible to enter the
program at the CCC generally during their last two months of
pregnancy.  After birth, the mother is allowed three additional
months to bond with the child.  The mother shall then be returned
to an institution to complete her sentence.  If she is eligible
for prerelease services, she may remain at that facility only if
she is going to be supervised in that judicial district.

  The CEO may approve early or extended placements with a
recommendation by the treating obstetrician and Clinical
Director's concurrence.  A placement extending beyond 180 days
requires the Regional Director's approval.  Direct court
commitments shall have a secondary designation noted on the
Inmate Load and Security/Designation form (BP-337).  This shall
be used to determine the institution responsible for the inmate's
medical expenses while she is confined in the MINT Program.

  Authority to pay immediate post-natal care of the child born to
an inmate while in custody is derived from administrative
discretion when the Bureau finds itself responsible for the cost
by default (no other resources can be compelled to pay).  It is
reasonable that the Bureau provides for the child's medical
expenses for the first three days after routine vaginal birth or
up to seven days for a Cesarean section.

  Prior to the birth, the mother must make arrangements for a
custodian to take care of the child.  At this time, the CEO shall
ensure the person or agency taking custody of the child is also
asked to be responsible for medical care costs beyond three days
after birth.  (<u>Note</u>:  This may be extended by the Regional
Director for an additional seven days for extenuating
circumstances on a case-by-case basis.)  The person(s) receiving
custody of the child should sign a Statement of Responsibility
for medical care costs, clearly indicating that the signing party
accepts financial responsibility.  Unit Management staff are
responsible for obtaining this statement, and forwarding copies
to the Health Services Administrator (HSA) for placement in the
HSA's outside hospitalization file and to the Controller (see the
Sample Statement of Responsibility (Attachment D)).

  Health Services staff shall confirm an inmate's pregnancy and
evaluate her medical condition.  Health Services staff shall
indicate whether CCC placement is medically appropriate and
document this on the Medical Evaluation for Transfer of Inmates
to CCC Type Facility (BP-351) which shall be forwarded to the
Unit Team.

PS 7310.04
12/16/98
Page 10

When the Unit Team has concerns regarding the appropriateness of a CCC placement (such as criminal history, severity of current offense), procedures will be followed according to Section 10.i.(2), Limitations on Eligibility for All CCC Referrals.

The following CCC referral guidelines apply in addition to the guidelines provided for regular referrals:

(1)   The inmate must be pregnant upon commitment with an expected delivery date prior to release.

(2)   The inmate or guardian must assume financial responsibility for the child's care, medical and support, while residing at the CCC.  Should the inmate or the guardian be unable or unwilling to bear the child's financial cost, the inmate may be transferred back to her parent institution.

(3)   An inmate who becomes pregnant while on furlough, or has more than five years remaining to serve on her sentence(s), or plans to place her baby up for adoption shall not be referred for MINT placement.

**Referrals to CCMs should state a specific date of placement. This date should be approximately two months prior to the inmate's expected delivery date.**

The CCC's Terminal Report should fully describe the inmate's experience in, and reaction to, the MINT Program.  It should also summarize counseling received in the program and include follow-up medical or program recommendations for the institution to facilitate the inmate's transition.

Inmates in need of foster care placement assistance shall be referred to the institution social worker, or if the institution does not have a social worker, staff shall contact a social worker in the community for foster care placement assistance.

10.  LIMITATIONS ON ELIGIBILITY FOR ALL CCC REFERRALS.  Inmates in the following categories shall not ordinarily participate in CCC programs:

a.  Inmates who are assigned a "Sex Offender" Public Safety Factor.

b.  Inmates who are assigned a "Deportable Alien" Public Safety Factor.

c.  Inmates who require inpatient medical, psychological, or psychiatric treatment.

PS 7310.04
12/16/98
Page 11

d.  Inmates who refuse to participate in the Inmate Financial Responsibility Program.

e.  Inmates who refuse to participate, withdraw, are expelled, or otherwise fail to meet attendance and examination requirements in a required Drug Abuse Education Course.

f.  Inmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement.

g.  Ordinarily, inmates serving sentences of six months or less.

h.  Inmates who refuse to participate in the Institution Release Preparation Program.

i.  Inmates who pose a significant threat to the community. These are inmates whose current offense or behavioral history suggests a substantial or continuing threat to the community.

Examples are inmates with repeated, serious institution rule violations, a history of repetitive violence, escape, or association with violent or terrorist organizations.

To determine whether an inmate poses a significant threat, a number of factors must be considered.  The key consideration is public safety when assessing the inmate's proclivity for violence or escape against their placement needs.

A waiver of the Public Safety Factor is not required for inmates transferred via unescorted transfer to CCC placements.

Ordinarily, inmates with a single incident of violence should not automatically be excluded from CCC placement.  As noted earlier, clearly dangerous inmates should be excluded from CCC placement.

(1)  When there exists a basis for significant doubt regarding whether the inmate currently poses a threat to the community, the Warden should consider contacting the Chief USPO in the release district (see the Sample letter (Attachment A)) to seek guidance on the referral's appropriateness.  A copy of this letter shall be maintained in the Inmate Central File.

(2)  When an inmate is excluded under this subsection, a memorandum, signed by the Warden, shall be prepared and placed in the Inmate Central File to explain the rationale for exclusion from CC Programs.

   j.  Inmates whose admission and release status is pretrial,
holdover, or detainee.

11.  <u>REFUSALS</u>.  When an eligible inmate refuses CCC placement,
staff shall investigate the inmate's reasons.  Staff may honor an
inmate's refusal of CCC placement.

Suitable reasons to decline placement might include previous CCC
failure, potential conflict with other residents, and location or
remoteness from release residence.  When the inmate does not
present a suitable reason, and the unit team believes that a
placement would serve a correctional need, the unit team shall
make every effort to encourage participation.

When an inmate refuses placement, a memorandum, signed by the
Associate Warden (Programs) and the inmate, shall be placed in
the Inmate Central File.  The memorandum should document the
inmate's rationale for refusal and all unit team effort to
encourage participation.

12.  <u>CCC REFERRAL PROCEDURES</u>.  Normally 11 to 13 months before
each inmate's probable release date, the unit team shall decide
whether to refer an inmate to a Community Corrections program.

Medical staff shall notify the inmate's Case Manager promptly
when a pregnancy is verified.  Upon notification, the unit team
shall decide if a MINT referral to a Community Corrections
program will be made.

   a.  <u>Referral to CCM</u>.  Staff shall use the Institution Referral
form (BP-210) (Attachment B) when referring an inmate for
transfer to a CCC.  Information included in the Additional
Information (11) and Specific Release Preparation Needs (12)
sections must be as specific as possible regarding the inmate's
needs.

   Attachment B contains instructions for completing the
Institution Referral form and related materials.  Signed copies
of the "Community Based Program Agreement" must be included with
all CCC referrals.  The Warden is the final decision-making
authority for all CCC referrals the unit team recommends.

   If the Warden approves the CCC referral, the unit team shall
forward two copies of the Institutional Referral form and
appropriate attachments to the CCM.  Staff shall enter the DST
SENTRY assignment of "W CCC ACT."  Copies of appropriate
documents are prepared so that one may be forwarded to the CCC
while the CCM retains the other for reference.